State vs. Bienvenu et als.

### No. 9073.

The State of Louisiana vs. D. Bienvenu et als.

In prosecutions for libel, proof of publication, libellous and unauthorized on its face, makes out a *prima facie* case for the State and establishes a legal presumption of malice. The burden of establishing justification is then thrown upon defendant.

If the publication be not *privileged*, justification can only result from proof, *both* that the matter charged was true and that the publication was made with good motives and justifiable ends.

Article 168 of the Constitution is not inconsistent with. and does not repeal section 3641, Revised Statutes.

Belief in the truth of libellous matter charged. when not privileged, is no justification when the charge is actually false

The action of a member of a congregation in publishing to all the world a libel concerning his minister or priest is not privileged—however. it might be with like communication addressed to the church authorities.

APPEAL from the Twentieth District Court, Parish of Assumption. *Knobloch, J.*

*E. A. O'Sullivan,* District Attorney, for the State, Appellee.

*Guion & Folse, Pugh & Howell* and *Walter Guion* for Defendants and Appellants.

The opinion of the Court was delivered by

Fenner, J. Delphin Bienvenu, appellant, was convicted under an indictment charging him with the offense of having published a libel upon the Rev. Cyprien Vénissat, a Catholic priest, contained in a pamphlet written in the French language under the head of "*La verite sur l'affaire de Labadieville.*"

The portions of said pamphlet constituting said libel are in the following words:

*Attendu I.* Qu'à différentes époques, depuis plus de vingt-cinq ans, le Rév. Cyprien Vénissat, par des actes d'impudicité qui sont de notoriété publique et par d'autres actes de lubricité qui sont attestés par des témoins oculaires, a violé ses vœux de chasteté et est devenu un sujet de honte, de mépris et de scandale pour ses paroissiens; * * *

And again:

Et, afin que la vérité puisse être légalement revendiquée par qui de droit, nous assumons personellement la responsibilité des accusations dont nous étions les porteurs de la part des paroissiens près de l'Autorité Diocésaine. Nous nous en faisons les auteurs et, puisque Mge. Leray avait restreint l'enquête aux seuls faits d'impudicité, nous déclarons que nous aurions prouvé à la tenue de l'enquête que le Rév.

Cyprien Vénissat, curé de Labadieville, s'est rendu coupable d'attouche-ments, de caresses, d'embrassements et de baisers impudiques envers des élèves et des religieuses de son couvent de Ste-Philomène et envers d'autres personnes du sexe féminin, et qu'il s'est rendu coupable aussi de séduction et adultère.

Signed,                              DELPHIN BIENVENU, M. D.

The record presents four bills of exception and a motion in arrest of judgment.

1. The first exception is to a remark made by the judge, in the open-ing of the case while counsel were explaining its nature to the jury, in these words : the offense and crime of libel would be made out and proved by the State upon the sole proof by the State of the printing and publication by the accused, of a *libellous* pamphlet upon which the prosecution was begun and is founded." The remark, though perhaps untimely, seems entirely innocuous to any interest of defendant.   Indeed, it is nothing more than an obvious truism.

2. The next exception is taken to the charge of the judge which is attacked as a whole and in nearly all of its parts.   We have closely studied this charge in connection with the objections urged against it, and, nothwithstanding its length, we embody it here in full, as an ad-mirable compendium of the law of libel, and the duties of juries in such cases, and as furnishing, in itself, the best and briefest answer to most of defendant's objections.

" The indictment under which the defendant is tried, charges him with having libeled the Reverend Cyprien Venissat.

" No. 1. A libel is any malicious publication which is calculated to create disturbances of the peace, to corrupt public morals, or which, by words or signs tends to expose a person to contempt, ridicule, hatred, or degradation of character, or which accuses him of an odious act, disgraceful in society.

" No. 2. Any publication is libel upon a private individual which is of a nature to blacken his reputation, or to hold him up to contempt and ridicule, unless such publication is shown to be true and to have been justifiably made.

" No. 3. Although malice is a necessary ingredient of libel, it is not necessary to show that the party publishing was actuated by a feeling of personal hatred or ill-will, towards the person defamed ; it is suffi-cient to show that the publication was wilful and unauthorized.   Legal malice alone is sufficient, and in law, means a wrongful act done inten-tionally, without just cause or lawful excuse.   And malice is presumed as matter of law by proof of the publication.

" No. 4. If you believe from the evidence, that the defendant published a libel of and concerning the Reverend Cyprien Venissat, as charged in the indictment, then the law presumes malice on the part of the defendant against the said Venissat, and it rests on the defendant to rebut this presumption of malice by a preponderance of evidence.

" No. 5. If you find beyond a reasonable doubt that the defendant published a libel as charged in the indictment, that is, that he wrote and distributed, or knowingly and intentionally caused the printing and distribution of a pamphlet, containing matter which imputed to the Reverend Cyprien Venissat, conduct which, if said Venissat were guilty of, it would injure his reputation or degrade him in society or lower him in the confidence of the community or bring him into public hatred and contempt, and, if you further find that the defendant has failed to show by a preponderance of evidence the truth of the charges, statements and insinuations made against the said Venissat, then the defendant is guilty.

" No. 6. If you believe beyond a reasonable doubt, from the evidence, that the defendant composed and published the printed pamphlet as charged in the indictment, it is no defense simply to show the truth of the matter published, but the defendant must go further and prove by a preponderance of evidence, that the matters charged in the alleged libel were not only true, but that he, the defendant, acted with good motives and for a justifiable end, and that he had some purpose in view that was justifiable.

" No. 7. If you are satisfied beyond a reasonable doubt, from the evidence in this case, that the defendant published of the Rev. Cyprien Venissat, matter defamatory of the said Venissat, or of a nature to bring him into contempt and disgrace, then, unless it appears to you that the publication was for a justifiable purpose and not malicious, nor with the intent to defame, the proof of the truth of the libellous matter does not justify or excuse the publication.

" No. 8. When the defendant attempts to justify by proving the truth, the justification must be as broad as the charge. The verification of part will not be enough. And the truth must be fully established by a preponderance of evidence.

" No. 9. If you find that the defendant made and published defamatory charges against the Rev. Cyprien Vénissat, of a nature to bring him into contempt or disgrace, and if you find that the defendant was not able to prove them to be true, or if you find that any of them was

untrue, the law implies malice from the publication and deems the publication libellous.

"No. 10. But if you find that the defendant made and published charges defamatory of the Rev. Cyprien Vénissat, but that such charges are true, and that the defendant made and published the charges without evil motive and for a justifiable end, then the publication is not libellous.

"No. 11. It is no defense to an indictment for a libellous publication, that the story was received at second hand and not invented by the defendant.

"No. 12. In every criminal prosecution, the accused is presumed innocent until every fact essential to establish his guilt has been proved beyond a reasonable doubt.

"No. 13. A doubt to justify an acquittal must be reasonable and it must arise from a candid and impartial investigation of all the evidence in the case. By a reasonable doubt is not meant a mere possibility, a conjecture or a supposition, but rather that state of the case which, after the entire comparison and consideration of all the evidence, leaves the mind of a juror in that condition, that he cannot say that he feels an abiding conviction to a moral certainty of the truth of the charge. The doubt must arise in the case before you, in other words, you are not to go beyond the evidence to hunt up doubts.

"No. 16. You are also the judges of the law as well as of the facts."

The charge is to be considered as a whole. We find it unnecessary to consider in detail all the objections made, such as: that the attention of the jury is directed only to facts and presumptions of law unfavorable to defendant and tended to restrict the defense to the sole question of negativing the proof of publication, precluding the jury from considering the questions of want of malice, truth or privileged character of the document; that it misstates the law of malice; that it ignores the presumption of innocence in favor of accused and wrongfully shifts the burden of proof.

On all these points we consider the charge unexceptionable.

As to the question of privileged communication, that was disposed of in a subsequent special charge, which will be separately considered. On the question of burden of proof, the law is clear that on proof of publication of matter libellous on its face and[unauthorized, malice in law may be presumed and the case of the State is established unless the presumption of malice be rebutted, or other lawful justification be established by accused. Com. vs. Bonner, 9 Met. 410; 2 Bishop Cr. Law, § 942; Wharton Cr. Ev. § 739.

· The most serious objection, however, is to that part of the charge which told the jury that after proof of publication of a libellous communication defendant, in order to justify, must prove that "the matters charged were not only true, but that he, the defendant, acted with good motives and for a justifiable end, and that he had some purpose in view that was justifiable."

The contention of defendant is, that under Article 168 of our present Constitution, proof of the truth of the libel is a complete and plenary justification.

We rejoice to say that this contention is utterly unfounded.

All that our Constitution says is, that "in all proceedings or indictments for libel, the truth thereof may be given in evidence."

At the time of the adoption of the Constitution, the Statutes of the State contained the following provision: "In all prosecutions for libel, the truth may be given in evidence; and if it shall appear that the matter charged as libellous is (true) *and was published with good motives and justifiable ends*, the party shall be acquitted." Rev. Stat. sec. 3641.

It is manifest that the article of the Constitution contains nothing inconsistent with this statute, and the latter, in its entirety, remains the law of the State. The sole object of the Constitution was to prevent legislation excluding evidence of the truth in prosecutions for libel, but not to destroy the important safeguard furnished to society in the other feature of the existing law.

Indeed, that would be a barbarous doctrine which would grant to the evil-disposed the liberty of ransacking the lives of others to drag forth and expose follies, faults or crimes long since forgotten, and perhaps expiated by years of remorse and sincere reform, with no other motive than to gratify hatred or ill-will by blasting the character and reputation of their victims. Such is not the law of Louisiana.

3. The third bill of exceptions is taken to the refusal by the judge to give certain special charges asked by counsel for defendant. The first two were to the effect that it was incumbent on the State to prove not only the publication of the libel, but also affirmatively to prove malice. We use the language of Chief Justice Shaw in saying: "If the publication be libellous, that is, be such as to bring the person libelled into hatred, contempt and ridicule among the people, malice is presumed from the injurious act." Com. vs. Bonner, 9 Met. 410.

Therefore, the State was not bound to give any affirmative proof of malice beyond that presumed from the publication of the libel.

State vs Bienvenu et als.

The other special charge asked was to the effect that every member of a church or congregation has the right and duty of exposing and bringing to light any and all derelictions on the part of a minister or priest, and such publications are privileged; which charge the court gave with this qualification: "that a communication made to the church authorities concerning a priest or minister in charge was privileged, if made by a member, but the circulation of a pamphlet and publication of the same outside of the church was not so privileged."

The qualification seems eminently just. We know of no authority or principle granting to members of a church a peculiar privilege to libel their priests or ministers by publications addressed to all the world.

4. The last bill of exceptions is to the overruling of a motion for new trial, which was based on the charges of error already considered.

5. The motion in arrest was based on the ground that "the indictment does not set forth any crime known to the law of Louisiana."

It is meritless.

After the expiration of the delays allowed, and after this opinion had been finally adopted by the Court, an able and earnest brief was filed in behalf of appellant, which has been carefully considered, without, however, shaking any of our conclusions. The only additional point which we find it necessary to allude to is the objection that the charge of the judge excluded, as a rebuttal of malice, the honest and reasonable belief of the accused in the truth of the libel. Nothing is better settled than that belief in the truth of the libel does not serve to rebut the presumption of malice flowing from its publication. In matters of homicide, the party acting under a reasonable belief of personal danger, is free from the charge of malice, because he was called upon to act. But in the case of libel, such is not the case. His action is purely voluntary and deliberate, and not for self-protection. He has no right to publish a libel of another unless he *knows* it to be true; and if he acts on information or belief, he acts at his peril. This rule has its limitations in case of privileged communications. 1 Bishow Cr. Law, sec. 308; 2 Wharton Cr. Law, sec. 2581.

Judgment affirmed.

Rehearing refused.