(45 South. 381.)

No. 16,927.

STATE v. JOSEPHSON et al.

In re JOSEPHSON.

(Jan. 9, 1908.)

MILITIA—OFFENSES BY MEMBERS OF MILITIA.

It is only when in active service, in the sense of having been ordered into active service by the Governor, that, under Act No. 181, p. 371, of 1904, members of the militia are not amenable to the civil courts, but only to a military tribunal. They are not withdrawn from the jurisdiction of the civil courts when in active service in the sense simply of being members of the militia in good standing.

(Syllabus by the Court.)

A. E. Josephson and Herman Castens were found guilty of assault, and Josephson applies for writs of prohibition and certiorari. Writ set aside.

See 45 South. 97, ante, p. 182.

Charles Andrews Holcombe, for relator. Hubert Nicholls Wax, Dist. Atty., for the State.

PROVOSTY, J. The defendant was found guilty of assault and battery. The only question presented is whether his case was cognizable by the civil courts, or only by a military tribunal.

Defendant is a captain of the state National Guard, or militia, and the victim of his alleged offense was a private in his company. Our militia law is Act No. 181, p. 371, of 1904. Section 21 of that act provides as follows:

"Members of the militia ordered into active service of the state by any proper authority shall not be liable civilly or criminally for any act or acts done by them while on duty, but shall be liable only to such court-martial or inquiry prescribed by military law."

The question in this case is whether at the time of the alleged offense defendant's company had been ordered "into active service."

Section 15 provides:

"The Governor shall have power, in case of insurrection, invasion, tumult, riot, or breach of the peace, or imminent danger thereof, to order into the active service of the state any part of the militia that he may deem proper."

No other provision is made in the act for ordering the militia into active service.

At the time of the alleged offense defendant's company had not been "ordered into active service" by the Governor.

But the learned counsel for defendant contends that the state National Guard is in "active service" all the time, and in support of this contention refers to section 99 of the act by which members of the guard, after four years of "active service," are exempt from jury duty. But, manifestly, the statute contemplates two kinds of "active service"—the "active service" which follows upon call of the Governor, and the "active service" which consists in merely being a member of the organization in good standing. The former withdraws the militiamen from the jurisdiction of the civil courts; the latter does not. In fact, the contention that a member of the militia is all the time not amenable to the powers of the courts can hardly be serious.

The order for certiorari is set aside, at the cost of the relator.