(81 South. 323)

No. 22194.

BEROT et al. v. PORTE.

(March 3, 1919. Rehearing Denied March 31, 1919.)

*(Syllabus by Editorial Staff.)*

1. LIBEL AND SLANDER ⬬⟿44(1) — QUALIFIED PRIVILEGE.

In suit for slander, a plea of privilege, in appearing at request of investigating committee of an Order of Druids considering plaintiff's application for membership, and stating that plaintiff had negro blood, was not an absolute privilege.

2. LIBEL AND SLANDER ⬬⟿101(4)—QUALIFIED PRIVILEGE — PRESUMPTION AND BURDEN OF PROOF.

In suit for slander, a plea of privilege, in appearing at request of investigating committee of an Order of Druids considering plaintiff's application for membership, and stating that he had negro blood, was a qualifiedly privileged communication, as occasion rebutted the inference prima facie arising from statement, and put on plaintiff the burden of proving malice in fact, or motives of personal spite or ill will, independent of the occasion.

3. LIBEL AND SLANDER ⬬⟿51(4)—APPLICATION FOR MEMBERSHIP—STATEMENTS ON INVESTIGATION.

Plaintiff, applying for membership in the Order of Druids, knowing that his character and reputation would be investigated, could not complain of statements made on investigation, unless objectionable testimony was given through actual malice or ill will toward him.

4. LIBEL AND SLANDER ⬬⟿101(4) — QUALIFIED PRIVILEGE—MALICE.

Where words imputing misconduct to another are spoken by one having a duty to perform and are spoken in good faith and in belief that it comes within discharge of duty, or where spoken in good faith to those having an interest in communication and a right to know and act upon fact stated, no presumption of malice arises from such speaking, and no action can be maintained in such case without proof of actual malice.

5. LIBEL AND SLANDER ⬬⟿44(1), 50—QUALIFIED PRIVILEGE—OCCASION.

The duty under which a party is qualifiedly privileged to make the communication need not be one having the nature of a legal obligation, but it is sufficient if it is social or moral, and defendant in good faith believed he was acting in pursuit thereof, although in fact he was mistaken.

6. LIBEL AND SLANDER ⬬⟿112(1) — QUALIFIED PRIVILEGE—MALICE—EVIDENCE.

In an action for a reference to plaintiff as of negro blood made by defendant on an occasion of qualified privilege while plaintiff's character was being investigated on his application for membership in the Order of Druids, evidence *held* to sustain a verdict for defendant.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Suit by Albert J. Berot against Albert Porte. Verdict and judgment for defendant, and plaintiff appeals. Affirmed.

John D. Nix, Jr., and Ulic J. Burke, both of New Orleans, for appellant.

Friedrichs, Moise, Barksdale & Barksdale, of New Orleans, for appellee.

SOMMERVILLE, J. Plaintiff sues defendant in damages for alleged slanderous words spoken on two separate occasions. He says that defendant, without cause or provocation, referred to him as being of negro blood; that the statements were slanderous, false, and defamatory; but he does not charge malice, evil intent, or ill will on the part of defendant.

Defendant denied the use of the language attributed to him in the petition, and it was not proved. He claimed that the only occasion upon which he had referred to plaintiff was when he, as a member of the Order of Druids, appeared before the Investigation Committee of the George Washington Grove of Druids, by request, where the application of plaintiff for admission to the grove was being considered, and that the communications he there made were privileged. He denied the second charge of slander, and that was not proved. Only one witness testified to the use of the objectionable statements alleged to have been made on the second occa-

sion, on the street, and that witness was contradicted by witnesses who were present at the time, and who testified on the trial. There was a trial by a jury, a verdict in favor of defendant, and plaintiff has appealed.

[1, 2] The privilege claimed by defendant is not absolute. It does not belong to that narrow class which is limited to legislative, judicial, and other acts of state. But it falls within the class of qualified privileged communications where the occasion on which it was made rebuts the inference prima facie arising from a statement prejudicial to the character or reputation of plaintiff, and puts the burden on him to prove that there was malice in fact, that the defendant was actuated by motives of personal spite or ill will, independent of the occasion on which the communication was made.

"Although the general rule is that a communication made in good faith on any subject-matter in which the person communicating has a duty is privileged if made to a person having a corresponding interest, and this duty need not be a legal one, but may be a moral or social duty of imperfect obligation, it has been very clearly stated that no privilege results merely from the fact that a defendant believes that he owes a social duty to give currency to rumors of a libelous character, so that the victim of them may be avoided. Such broad and indefinite duties the doctrine of qualified privilege has not yet been extended to cover." 17 R. C. L. 342.

[3] No attempt was made to prove malice or ill will on the part of defendant, either before, at the time of, or after the meeting of the Committee of Druids. The testimony shows that defendant was acting solely in the interest of the order to which he belonged, and to which he owed certain duties, and to which plaintiff applied for membership. Plaintiff knew when he made application that his character and reputation would be investigated, and he submitted himself thereto. He cannot be heard to complain of that

investigation, unless he shows that objectionable testimony was given through actual malice or ill will towards him.

[4] The rule of Mr. Newell in his work on Defamation, Slander and Libel is quoted in the case of Bayliss v. Grand Lodge of Louisiana, 131 La. 579, 59 South. 996, as follows:

"Where words imputing misconduct to another are spoken by one having a duty to perform, * * * and the words are spoken in good faith and in the belief that it comes within the discharge of that duty, or where they are spoken in good faith to those who have an interest in the communication and a right to know and act upon the fact stated, no presumption of malice arises from the speaking of the words, and therefore * * * no action can be maintained in such case without proof of actual malice."

It is held in the case of Gilbert v. Palmer, 8 La. Ann. 130:

"Where the declarations of the defendant concerning the plaintiff appeared to have been uttered without malice, and under circumstances from which no malice is in law implied, they carry with them no pecuniary responsibility."

[5] The duty under which the party is qualifiedly privileged to make the communication need not be one having the affairs of a legal obligation; but it is sufficient if it is social or moral in its nature, and defendant in good faith believed he was acting in pursuit thereof, although in fact he was mistaken.

[6] Only one witness testified to the use of the language charged in the petition; and he was contradicted by another witness for plaintiff, who said that he was present all of the time while the investigating committee was examining defendant, and that he did not use the language alleged, but that he said there was a streak in the family, and that a full investigation should be made. The two other persons present at the meeting and defendant testified positively that the language, or its equivalent, was not used. The allegations made in the petition were not

proved to the satisfaction of the jury, and their finding will not be disturbed.

The testimony shows that the communication, whatever it may have been, was made by defendant in good faith, without malice, prejudice, or ill will towards plaintiff, to a social or fraternal organization of which defendant was a member, and which plaintiff had applied to be admitted to while the character of the application for membership was being investigated. The statement was privileged, and carried with it no pecuniary responsibility from defendant to plaintiff.

The judgment appealed from is affirmed.