(116 So. 849)

No. 29132.

## STATE v. WHITMIRE.

April 9, 1928. Rehearing Denied May 7, 1928.

Chandler C. Luzenberg, Sr., of New Orleans, for appellant.

Percy Saint, Atty. Gen., Eugene Stanley, Dist. Atty., and J. Bernard Cocke, both of New Orleans, for the State.

OVERTON, J. The defendant, Dr. Arthur P. Whitmire, was convicted of libeling Dr. R. A. Davis by one of the judges of the criminal district court for the parish of Orleans, sitting without a jury. Both Dr. Whitmire and Dr. Davis are practitioners of optometry in the city of New Orleans. Dr. Whitmire was, at the time the offense is alleged to have been committed, a member of the National Guard of Louisiana, but Dr. Davis was not. The prosecution is the result of a written communication sent by Dr. Whitmire to Gen. L. A. Toombs, who was in·charge of Jackson Barracks. These quarters were under lease, by the United States to this state, for the use of the National Guard. Dr. Davis desired to obtain living quarters in the barracks, and Gen. Toombs was authorized to lease such quarters to nonguardsmen.

In reproducing the communication, we shall reproduce it as it is set out in the bill of information, for the purpose of showing it as

there set out, in passing on an objection to be later considered.

The offense is charged to have been committed—

·"by making, writing, publishing, and causing to be published a certain false, scandalous, and malicious libel of and concerning the said Dr. R. A. Davis, which said libel is in the following words, to wit:
"Copy.
" 'General L. A. Toombs,
" 'Dear Sir: 6/22—27.
" 'Mr. Peyton, at barracks, should be advised against permitting Dr. R. Davis, quack eye specialist and all-around crook, from obtaining living quarters there. Investigate through bank, but please favor Capt. Whitmire.'
"Received at Adjutant General's Office 6/22/27. A true copy. [Signed] L. A. Toombs (the Adjutant General)."

On the trial of the case the state offered in evidence the document sent Gen. Toombs by Dr. Whitmire. This offering was objected to, first, on the ground that the district court had no jurisdiction of the matter, it being a matter entirely within the province of the state National Guard, and one to be disposed of by court-martial; and, secondly, on the ground that the document offered in evidence and the document set forth in the bill of information are not the same, for the reason that one is an original and the other a copy, and hence the information charges Dr. Whitmire with having libeled Dr. Davis with a copy of the document sent, and therefore there is a variance between the tenor of the document sent and that set out in the bill.

 The offense charged against Dr. Whitmire was clearly triable in the civil courts of the state. Article 26 of section 98 of Act 191 of 1912, p. 367; State v. Josephson, 120 La. 433, 45 So. 381. As relates to the second objection urged, the one concerning the variance between the communication set out in the bill of information and the communication offered in evidence, it appears that the two are the same, word for word, except that the one offered in evidence has not the word "copy" on it, which appears at the top of the original, nor has it the words on it showing where and when it was received, or those showing the adjutant general's certificate, which appear below Dr. Whitmire's name in the communication alleged. These added words merely show that the communication set out is a copy, and the place where and the time when the original was received. They neither add to nor detract from the tenor of the communication. There is nothing misleading in their use. They may be treated as not being a part of the communication alleged, which obviously they are not. We think that the objection is not well founded.

 It appears from another bill that, while Dr. Davis was on cross-examination, he was asked whether he had paid for any of the articles purchased by him for the furnishing of his office. This question was ruled out on objection urged by the state. The only purpose that the question could have had was to show that Dr. Davis was a crook. Whatever tendency the evidence sought to be elicited by the question may have had to show that fact was too slight and uncertain to make the evidence legally relevant. 22 C. J. p. 162. Moreover, Dr. Davis admitted that he had not paid for the articles when he later testified that he was unable to pay his office rent, and that he made or attempted to make arrangements for the return of the articles.

 Another of the several bills discloses that, while Dr. Davis was on cross-examination, defendant attempted to examine him as to what experience he had had in diseases of the nose and throat before performing operations on those parts of the body, and defendant also sought to elicit evidence from Dr. Chassaignac touching Dr. Davis' experience in such diseases, but on objection urged by the state the court restricted the inquiry as to Dr. Davis' medical and surgical experience to his training and experience as an eye special-

ist. The ruling was correct. The issue was, so far as relates to Dr. Davis' medical and surgical training, under defendant's plea of the truth of the contents of the alleged libelous article, whether Dr. Davis was a quack eye specialist. His lack of training in other branches, if he lacked it, was irrelevant.

It appears from another bill of exceptions, found in the record, that defendant requested the trial judge to give certain special charges to be used by the judge in deciding the case. These charges he refused to give. They are as follows, to wit:

"If a written communication, sent by an officer of the National Guard of Louisiana to the adjutant general of the state in reference to a person who is about to move in barracks under the control of the National Guard, is libelous, then the said officer so sending it cannot be tried before a district court of the state for libel, as the said court is without jurisdiction, but must be tried by a court-martial."

### Special Charge No. 2.

"If the court has jurisdiction in this cause, then the written communication alleged to be libelous is privileged, and the defendant on these grounds is not guilty of the offense charged."

The ruling concerning the first of these charges was, in effect, disposed of by us in passing upon the first bill of exceptions considered herein. We there held, in passing upon the admissibility of the alleged libelous document, that the civil courts of this state have jurisdiction of the offense.

With reference to the second charge requested, we fail to find that the court was in error in refusing it. The question as to whether a communication was privileged involves questions of fact as well as of law.

The occasion on which the communication was made may have been privileged, and yet the communication may have exceeded the exigencies of the occasion. 37 C. J. §§ 647, 649, pp. 142, 143. Other circumstances may enter into the case, which may render the communication not privileged, or destroy the privilege. Had the case been triable by a jury, defendant would not have been entitled under our law to the charge that the communication was privileged, but only to instructions as to the law, so framed as to enable the jury, on finding the facts, to determine whether the communication was privileged, for the question touches the guilt or innocence of the accused, and involves the determination of whether one of the defenses urged was well founded on the facts of the case or not. As defendant could not have required the judge to charge the jury that the communication was privileged, had the case been triable by jury, he had no right to demand that the judge, sitting as a judge in the case, charge himself, sitting as a jury therein, to be used by him while sitting in the latter manner, that the communication was privileged. Act 93 of 1916.

The record also contains a bill of exceptions to the overruling of a motion for a new trial. The bill presents nothing coming within our jurisdiction not already considered.

For these reasons, the judgment appealed from is affirmed.

BRUNOT, J., dissents, for the reason that the communication was from a subordinate to a superior officer, and defendant did not give it publication. It was a privileged communication.