OVERTON, J.
 

 Defendant was convicted of selling intoxicating liquor for beverage purposes, and appeals from the sentence imposed.
 

 At the close of the case defendant requested the district judge to charge himself as follows: “Where there is an agreement to sell ten pints of liquor for ten dollars the sale is not a complete sale until the whisky is counted or measured and the whisky not having been counted or measured in this case between the buyer and the seller there was no legal sale but an agreement to sell and the defendant cannot be guilty of a sale as charged.” The trial judge refqsed to give this charge, and defendant excepted to the refusal. He later urged this refusal as a ground for a new trial in a motion therefor, and upon the overruling of the motion again reserved a bill.
 

 The lower court was not in error in refusing the charge, for it clearly has included in it a charge upon the facts. This is obvious, when that part of the charge, reading as follows, is considered: “And the whisky not having been counted or measured in this case between the buyer and the seller there was no legal sale but an agreement to sell. * * * ” As to whether the whisky had been counted or measured was purely a question of fact. The trial judge cannot be required to charge himself upon a question of fact, but only as to the law, applicable to the ease. Code Crim. Proc. arts. 384, 385, 393; State v. Whitmire, 166 La. 195, 116 So. 849 ; State v. Cox, 167 La. 279, 119 So. 48. It may be said that, in this case, the trial judge found that the ven
 
 *86
 
 dor received from defendant the quantity of whisky contracted for.
 

 The bill reserved to the overruling of the motion for a new trial presents nothing that this court may review which has not already been considered.
 

 The judgment is affirmed.