## UNITED STATES v. WOODWORTH.

Civ.A. No. 580.

District Court, D. Massachusetts.

Feb. 3, 1941.

Edward O. Gourdin, Asst. U. S. Atty., and Edmund J. Brandon, U. S. Atty., both of Boston, Mass., for plaintiff.

Marvin C. Taylor, of Boston, Mass., for defendant.

SWEENEY, District Judge.

This is an action brought by the United States to recover from Randall N. Woodworth, an ex-service man, the amount of an alleged overpayment to him, as a loan on his adjusted service certificate.

The ex-service man is now deceased, and his administratrix has been substituted as a party defendant. The widow of the deceased, who is the beneficiary under the adjusted service certificate, has filed a third party motion for leave to intervene, under Rule 24 (b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and has also filed an intervening complaint in which judgment is demanded against the United States in the amount of the balance of the original certificate.

### Findings of Fact.

Randall N. Woodworth was inducted into the National Army on September 5, 1917. At the time of his induction, he had completed two years of a dental course at Tufts College. On October 11, 1917, Woodworth made application to the Adjutant General for a discharge from the National Army for the purpose of enlisting in the Medical Enlisted Reserve Corps, stating his intention to complete his dental education. His request for discharge was acted upon favorably, and on November 1, 1917, he was discharged from the National Army. On the same day he re-enlisted in the Medical Enlisted Reserve Corps, and returned to Tufts College where he completed his dental education. On September 30, 1918, he was transferred to the Medical Department, and assigned to Camp Greenleaf, Georgia. There, he re-entered the active service of the United States Army on October 11, 1918, and was honorably discharged on December 16, 1918.

On December 1, 1926, an adjusted service certificate in the amount of $1,028 was issued to Woodworth by the Administrator of Veterans' Affairs. This certificate was based on a finding, by the Secretary of War, that Woodworth was continuously in the active service of the United States Army from September 5, 1917 to December 16, 1918. On July 2, 1931, Woodworth borrowed $514 from the Government on the strength of this certificate, and pledged it to secure the loan. There was a note executed on the same day which called for repayment with interest at the rate of 4 per cent.

It was subsequently determined that Woodworth was not entitled to the certifi-

cate which had been issued to him because it had been erroneously ·calculated on the basis of continuous active service from September 5, 1917 to December 16, 1918; whereas, in reality, Woodworth was in the active service only from September 5, 1917 to November 1, 1917, and again from October 11, 1918 to December 16, 1918. On the basis of this redetermination of the amount of the adjusted service certificate to which Woodworth was entitled, this suit has been filed to recover the sum of $514 with interest, less the $163 to which he would have been entitled under the last determination.

There appear to be two major questions of law in this case: First, whether this court can review the findings of the Administrator of Veterans' Affairs as to the amount due this ex-service man on his adjusted service certificate, and, secondly, if the court has such power, were the calculations of the Administrator of the amount to which this man was entitled on his adjusted service certificate erroneous as a matter of law?

Assuming the power to review, without determining that this court has such power (see, United States v. Williams, 278 U.S. 255, 49 S.Ct. 97, 73 L.Ed. 314), this case can be determined on the basis of the second question.

38 U.S.C.A. § 601, in part, is as follows: "The amount of adjusted service credit shall be computed by allowing the following sums for each day of active service, in excess of sixty days, in the military or naval forces of the United States * * *."

 The main question is then whether or not between November 1, 1917 and October 11, 1918, Woodworth was in the active service of the United States Army.

During that period this man was separated from his former outfit, was not identified with any other unit of the army, was not under the immediate direction of any superior officer, was paying his own expenses for his dental education, and was merely a member of the army reserves. Active service does not necessarily mean actual service, but does mean service performed at the direction of a superior officer or officers while receiving the emoluments to which a soldier is entitled. It does not include one who has separated himself from the army to follow his own pursuits, even though he may be subject to call to active service. · The distinction between a reservist and one on active service has been recognized in opinions of the Attorney General when in listing the various types of active service he particularly excepted the reservist from such classification. See 7 Op. Atty. Gen. 149; 32 Op. Atty. Gen. 12; and 32 Op. Atty. Gen. 193. See, also, State v. Peake, 22 N.D. 457, 135 N.W. 197, 40 L.R.A.,N.S., 354; State v. Josephson, 120 La. ·433, 45 So. 381; Redd v. American Cent. Life Ins. Co., 200 Mo.App. 383, 207 S.W. 74; Betty v. State, 188 Ala. 211, 66 So. 457.

#### Conclusions of Law.

I therefore rule that Woodworth was not in active service in the military forces of the United States between November 1, 1917 and October 11, 1918. Accordingly, the recalculation of the amount to which he was entitled under the adjusted service certificate was correct.

In view of the above, it is unnecessary to pass upon the right of the beneficiary to intervene under Rule 24 (b).

Judgment is to be entered for the plaintiff in the amount of $351 with interest at the rate of 4 per cent. from July 2, 1931, and without costs.