# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-768

**STATE IN THE INTEREST OF G.J.G.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 1883
HONORABLE PENELOPE RICHARD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ULYSSES GENE THIBODEAUX
CHIEF JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Van H. Kyzar, and Jonathan W. Perry, Judges.

**REVERSED IN PART; AFFIRMED IN PART;
AND REMANDED.**

**Jennifer A. Jones**
**District Attorney – Thirty-Eighth Judicial District**
**P. O. Box 280**
**Cameron, LA 70631**
**Telephone: (337) 775-5713**
**COUNSEL FOR:**
    **Plaintiff/Appellee – State of Louisiana**

**Adam P. Johnson**
**The Johnson Firm**
**910 Ford Street**
**P. O. Box 849**
**Lake Charles, LA 70602**
**Telephone: (337) 433-1414**
**COUNSEL FOR:**
    **Defendant/Appellant – G.J.G.**

**THIBODEAUX, Chief Judge.**

In this juvenile proceeding, G.J.G. [1] appeals the trial court's adjudication of delinquency for the offenses of defamation and unlawful communications in violation of La.R.S. 14:47 and 14:285(A)(4), respectively. For the following reasons, we reverse in part, affirm in part, and remand.

## I.

## ISSUES

We must decide:

(1) whether the trial court erred in finding G.J.G. guilty of unlawful communications in violation of La.R.S. 14:285;

(2) whether the trial court erred in finding G.J.G. guilty of defamation in violation of La.R.S. 14:47; and

(3) whether the trial court erred in failing to inform G.J.G. of the two-year prescriptive period for filing for post-conviction relief.

## II.

## FACTS AND PROCEDURAL HISTORY

G.J.G. is a student at Grand Lake High School. In December 2018, G.J.G. sent a message to the SouthernSchemers' Snapchat account stating, "I f***** my ag teacher best p**** I've had." The message was then posted by SouthernSchemers onto their story, which consisted of messages from students describing sexual conduct with teachers. A classmate, L.H., saw the message with G.J.G.'s name and the reference to "my ag teacher," and believed the message was

---

[1] All juveniles' initials are used in accordance with Uniform Rules—Courts of Appeal, Rule 5-2.

referring to Mrs. Kimberly Montie, a teacher in the ag department at Grand Lake High School. L.H. informed M.M., one of Mrs. Montie's daughters, about the Snapchat message and suggested that she alert her mother. After discovering the message, Mrs. Montie alerted her employer and the Cameron Parish Sherriff's Office. Mrs. Montie and G.J.G. were both interviewed by the sheriff's office. G.J.G. admitted that he sent the message and that it was false.

The state charged G.J.G. with one count of defamation, a violation of La.R.S. 14:47, and one count of unlawful communications, a violation of La.R.S. 14:285.

Following a trial, G.J.G. was adjudicated delinquent for the misdemeanor offenses of defamation and unlawful communications and placed on probation. This appeal follows.

G.J.G. contends that the trial court erred in adjudicating him delinquent for the offenses of unlawful communications and defamation because the state did not prove all of the elements of the crimes, namely, that it was not sent "directly to another person" and that malice was not proven.

III.

**STANDARD OF REVIEW**

The Louisiana Supreme Court has explained:

> In a juvenile proceeding, the state's burden of proof is the same as in a criminal proceeding against an adult—to prove beyond a reasonable doubt every element of the offense alleged in the petition. La. Ch.Code art. 883; *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). "In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)....[T]he

2

appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt." *State v. Captville*, 448 So.2d 676, 678 (La.1984).

*State ex rel. D.P.B.*, 02-1742, pp. 4-5 (La. 5/20/03), 846 So.2d 753, 756.


IV.

## LAW AND DISCUSSION

## UNLAWFUL COMMUNICATIONS:

G.J.G. contends that the trial court erred in adjudicating him delinquent for the offense of unlawful communications. We agree.

G.J.G. was charged specifically under La.R.S. 14:285(A)(4), which provides:

A. No person shall:

. . . .

(4) [U]se any telecommunications device to send any text message or other message containing obscene language or any obscene content, anonymously or otherwise, directly to another person, when the offender knows or reasonably should know that such obscene or graphic language is directed to, or will be heard by, a minor. Lack of knowledge of age shall not constitute a defense.

In adjudicating G.J.G. as delinquent, the trial court held that La.R.S. 14:285(A)(4) "doesn't require it be sent to a person but that it be heard or seen by a minor and we do have testimony that it was seen by a minor more than once." This holding is incorrect.

The statute specifically states the message must be sent "directly to another person."

3

In statutory interpretation, there is a well-settled presumption that "every word, sentence or provision in the statute was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used." *ABL Mgmt., Inc. v. Bd. of Supervisors of Southern Univ.*, 00-0798, p. 6 (La.11/28/00), 773 So.2d 131, 135. Thus, our courts must "give effect to all parts of a statute and to construe no sentence, clause or word as meaningless." *Moss v. State*, 05-1963, p. 15 (La.4/4/06), 925 So.2d 1185, 1196. It is further presumed that the legislature did not insert "idle, meaningless or superfluous language in the statute or that it intended for any part or provision of the statute to be meaningless, redundant or useless." *ABL Mgmt., Inc.*, 773 So.2d at 135.

*Broussard v. Lafayette Par. Sch. Bd.*, 08-666, p. 3 (La.App. 3 Cir. 12/10/08), 998 So.2d 1253, 1256, *writ denied*, 09-471 (La. 4/17/09), 6 So.3d 794.

In order to find G.J.G. in violation of La.R.S. 14:285(A)(4), the state had to prove that G.J.G. sent the obscene content "directly to another person." This, the state did not do. G.J.G. testified that he sent the message to the SouthernSchemers' account on Snapchat. SouthernSchemers then reposted what was sent to its story. G.J.G. stated that he did not know if SouthernSchemers was a person or who was running the account. The detectives involved in the case admitted that they did not know if SouthernSchemers was a person. The only evidence presented by the state that SouthernSchemers was in fact a person, came in the form of testimony from the minor, L.H. L.H. testified that she saw the message with G.J.G.'s name on SouthernSchemers' Snapchat story and informed Mrs. Montie's daughter, M.M., about the message. According to L.H., the message she saw was not posted on the story by G.J.G. because you cannot post something to Snapchat on somebody else's story. She asserted that the message was reposted by a person and multiple people owned the password to the account.

However, there was no evidence presented that L.H. had any personal knowledge regarding SouthernSchemers' Snapchat account, nor was she qualified as an expert witness on Snapchat. While the testimony of L.H. was sufficient to show that the message was seen by a minor, her testimony did not establish that the message was sent "directly to another person."

The State alleges that the statute is satisfied because G.J.G. sent the message with the purpose of being reposted to the SouthernSchemers' story, which was directed to high school students who are obviously minors. Thus, G.J.G.'s message was sent directly to the story.

The legislature did not state how the phrase "directly to another person" was to be defined in the statute, but using the ordinary definition of the term, this does not appear to be a direct transmission. Furthermore, the supreme court has stated:

> It is a well-established tenet of statutory construction that criminal statutes are subject to strict construction under the rule of lenity. *State v. Carouthers*, 618 So.2d 880, 882 (La.1993). Thus, criminal statutes are given a narrow interpretation and any ambiguity in the substantive provisions of a statute as written is resolved in favor of the accused and against the State. *State v. Becnel*, 93-2536, p. 2 (La.5/31/96), 674 So.2d 959, 960; *Chevalier v. L.H. Bossier*, 95-2075, p. 6 (La.7/2/96), 676 So.2d 1072, 1076 (citing *State v. Piazza*, 596 So.2d 817, 820 (La.1992)). The principle of lenity is premised on the idea that a person should not be criminally punished unless the law provides a fair warning of what conduct will be considered criminal. *State v. Piazza*, 596 So.2d 817, 820 (La.1992) (citing 3 N. Singer, *Sutherland Statutory Construction* §59.04 (Sands 4[th] ed.1986)). The rule is based on principles of due process that no person should be forced to guess as to whether his conduct is prohibited. *Id.* (citing *Dunn v. United States*, 442 U.S. 100, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979)).

*State v. Carr*, 99-2209, pp. 4-5 (La. 5/26/00), 761 So.2d 1271, 1274.

5

The statute must be read to give meaning to the term "directly." Here, the SouthernSchemers' account was an intermediary between G.J.G. and the story to which the message was ultimately posted. Although G.J.G.'s message was a direct response to the SouthernSchemers' story and was seen on the story by minors, it was not posted to the story by G.J.G. Therefore, under a narrow interpretation of the statue, G.J.G. did not post "directly" to the story.

Given the fact that there was insufficient evidence to show that the message from G.J.G. was sent "directly to another person," the state has failed to meet its burden in proving all of the elements required for the offense of unlawful communications under La.R.S. 14:285(A)(4). Thus, the trial court erred in adjudicating G.J.G. delinquent for the offense of unlawful communications.

## DEFAMATION:

G.J.G. contends that the trial court erred in finding him guilty of defamation because the state did not prove the requisite malice to constitute a violation of La.R.S. 14:47. We disagree.

Louisiana Revised Statutes 14:47 states:

> Defamation is the malicious publication or expression in any manner, to anyone other than the party defamed, of anything which tends:
>
> (1) To expose any person to hatred, contempt, or ridicule, or to deprive him of the benefit of public confidence or social intercourse; or
>
> (2) To expose the memory of one deceased to hatred, contempt, or ridicule; or
>
> (3) To injure any person, corporation, or association of persons in his or their business or occupation.

G.J.G. argues that there was no evidence presented that he had any ill will towards Mrs. Montie. However, a lack of ill will does not determine whether there was malice.

In responding to defense counsel's request for a post-verdict judgment of acquittal, the trial court noted that "there was a presumption of malice, and if there's not a presumption, I think the presumption of malice is there, but I think there was true malice as well."

In *Costello v. Hardy*, 03-1146, p. 18 (La. 1/21/04), 864 So.2d 129, 143, the Louisiana Supreme Court discussed the meaning of malice in defamation actions and stated, "Malice (or fault), for purposes of the tort of defamation, is a lack of reasonable belief in the truth of the statement giving rise to the defamation." "Malice in this sense is more akin to negligence with respect to the truth than to spite or improper motive." *Id.* In the context of criminal defamation, "malice involves intent, and such intent may be inferred by circumstances connected with or surrounding the transaction." *State v. Webster*, 245 La. 523, 530, 159 So.2d 140, 143 (1963). "The general rule is, that legal malice, which in law means a wrongful act done intentionally, without just or lawful excuse, is sufficient to support a charge that the publication is libelous." *State v. Lambert*, 188 La. 968, 974, 178 So. 508, 510 (1938).

There is no doubt that G.J.G. lacked a reasonable belief in the truth of the statement. He admittedly knew that it was false. Moreover, the act was done intentionally. G.J.G. argues that he did not intend to refer to Mrs. Montie, and the text did not mention Mrs. Montie by name. However, the message asserted that he had been intimate with his "ag teacher." Mrs. Montie had taught him "ag" the year before and was currently teaching him carpentry, a class in the "ag" department.

7

Mrs. Montie is the only female "ag teacher" at Grand Lake High School. It is evident that his "ag teacher" is Mrs. Montie. G.J.G. knew that the content of the message was false, and he intentionally sent it to SouthernSchemers for the purpose of having it added to their story about students' sexual conduct with teachers. Thus, in viewing the evidence in the light most favorable to the prosecution, a reasonable trier of fact could find that the element of malice was proven.

Additionally, La.R.S. 14:48 provides, "Where a non-privileged defamatory publication or expression is false it is presumed to be malicious unless a justifiable motive for making it is shown." Louisiana Revised Statutes 14:49 provides:

> A qualified privilege exists and actual malice must be proved, regardless of whether the publication is true or false, in the following situations:
>
> (1) Where the publication or expression is a fair and true report of any judicial, legislative, or other public or official proceeding, or of any statement, speech, argument, or debate in the course of the same.
>
> (2) Where the publication or expression is a comment made in the reasonable belief of its truth, upon,
>
> (a) The conduct of a person in respect to public affairs; or
>
> (b) A thing which the proprietor thereof offers or explains to the public.
>
> (3) Where the publication or expression is made to a person interested in the communication, by one who is also interested or who stands in such a relation to the former as to afford a reasonable ground for supposing his motive innocent.
>
> (4) Where the publication or expression is made by an attorney or party in a judicial proceeding.

None of the sections of La.R.S. 14:49 apply to the message in question. Therefore, it was an unprivileged expression. There is no question that the message was false. The only motive which G.J.G. gave for sending the message was that it was a joke. As the expression was false and no justifiable motive for making it was shown, the message was presumptively malicious.

G.J.G. asserts that Mrs. Montie is a public figure and refers to *State v. Defley*, 395 So.2d 759 (La.1981). We disagree. *Defly* involved a school superintendent and supervisor who were classified as public officials. G.J.G. failed to provide any authority to classify Mrs. Montie as a public figure, and in *Huxen v. Villasenor*, 01-288 (La.App. 5 Cir. 9/25/01), 798 So.2d 209, a schoolteacher was not considered a public figure.

It is uncontroverted that the message was relayed to one other than the defamed, and it tended to expose a person, Mrs. Montie, to hatred, contempt, or ridicule. Given that malice was adequately shown, either legal or presumptive, and the other elements of defamation were met, the trial court did not err in finding G.J.G. guilty of defamation.

## ERRORS PATENT:

Although the Louisiana Children's Code is silent as to whether a juvenile criminal proceeding is entitled to an errors patent review, this court has found that such a review is mandated by La.Ch.Code art. 104 and La.Code Crim.P. art. 920. *See State in the Interest of J.C.G.*, 97-1044 (La.App. 3 Cir. 2/4/98), 706 So.2d 1081. Upon reviewing the record, this court finds one error patent.

The trial court failed to inform G.J.G. of the two-year prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8.

"Although no similar provision exists in the Children's Code, this court has previously held such notice should be given." *J.C.G.*, 706 So.2d at 1083. Accordingly, the trial court is directed to inform G.J.G. of the provisions of Article 930.8 by sending appropriate written notice to him within ten (10) days of the rendition of this opinion and to file written proof that G.J.G. received the notice in the record of the proceedings.

V.

**<u>CONCLUSION</u>**

For the foregoing reasons, we reverse the adjudication for unlawful communications. The adjudication for defamation is affirmed, and this case is remanded to the trial court for further action consistent with this opinion.

**REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.**