(95 South. 803)

No. 25683.

## STATE v. DE ARMAN.

(Feb. 26, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Indictment and information** ⚖➡121(2)—**Defendant entitled to bill of particulars stating place of possession of liquors.**

Under indictment for possessing intoxicating liquors for beverage purposes, defendant is entitled, on motion, to a bill of particulars stating the place where he is charged with having possessed the liquor, in order that he may be prepared to meet or rebut the state's proof.

2. **Indictment and information** ⚖➡121(2)—**Defendant not entitled to bill of particulars stating date of possession of liquor when date alleged.**

Under an indictment for possessing intoxicating liquors for beverage purposes on a specified date, defendant was not entitled to a bill of particulars stating the date of possession, as presumably the trial court would confine the state to the day charged.

3. **Criminal law** ⚖➡369(6)—**Evidence of possession before date charged admissible in corroboration.**

Under an indictment charging possession of intoxicating liquors on a specified date, it might be shown, as corroborating evidence, that the same liquor was possessed within a reasonable time before the date charged.

4. **Indictment and information** ⚖➡121(2)—**Defendant not entitled to bill of particulars stating time of day when liquor possessed.**

Under an indictment for possessing intoxicating liquors for beverage purposes on a specified date, defendant is not entitled to a bill of particulars, alleging in detail whether the liquor was possessed during the day, or at night, or at what particular hour.

5. **Indictment and information** ⚖➡121(5)—**Indictment for possessing liquor, shown by bill of particulars to be corn whisky, not quashed.**

An indictment for possessing intoxicating liquors for beverage purposes is not subject to motion to quash on ground that it charges no offense, where bill of particulars states the liquor was corn whisky.

Appeal from Fifteenth Judicial District Court, Parish of Beauregard; Jerry Cline, Judge.

John De Arman was convicted of possessing intoxicating liquors for beverage purposes, and he appeals. Judgment annulled and set aside, and cause remanded, with instructions.

P. L. Ferguson, of Leesville, and Ped C. Kay and Sam H. Jones, both of De Ridder, for appellant.

A. V. Coco, Atty. Gen., and Griffin T. Hawkins, Jr., Dist. Atty., and Mark C. Pickrel, Asst. Dist. Atty., both of Lake Charles (T. S. Walmsley, of New Orleans, of counsel), for the State.

DAWKINS, J. Defendant was convicted and sentenced for possessing intoxicating liquors for beverage purposes, and brings this appeal, relying upon five bills of exception.

## Bill No. 1.

Bill No. 1 presents for review the action of the lower court in overruling in part a motion for a bill of particulars. The information requested was as follows:

"(a) What was the liquor alleged to have been possessed?
"(b) What date was it alleged to have been possessed?
"(c) Where was it that it was alleged to have been possessed?
"(d) Was it day or night?
"(e) At about what hour was it alleged to have been possessed?"

The motion was sustained to the extent of requiring the state to show the kind of liquor possessed, or as to paragraph (a), and otherwise overruled. The district attorney answered that the state expected to show it was corn whisky.

[1] We think the accused was entitled to know (c) the place where he was charged to have possessed the liquor. It is true, as stated by the lower judge, that possession is a continuing fact, but one may possess such liquors at any number of places in the course of a day, such possession may be actual or constructive, and he should be reasonably informed of the place and circumstances upon which the state will rely, in order that he may be prepared to meet or rebut the proof submitted by the state. See State v. Rollins, ante, p. 10, 95 South. 264, No. 25,633.

[2-4] With reference to the time—(b), (d), and (e)—we think that was sufficiently alleged, for the trial court, we assume, would and did confine the state, in so far as the offense was concerned, to the day charged, although it might be shown, as corroborating evidence to support the conviction as of that date, that the same liquor was possessed within a reasonable time before the date charged. But we do not think the state was required to allege in detail whether it was day, night, or the particular hour.

## Bill No. 2.

[5] This bill was reserved to the overruling of a motion to quash upon the ground that the bill of indictment, as amended by the particulars furnished under the ruling of the trial court, did not charge an offense known to the laws of the state. The grounds alleged and argument made are the same as those embraced and passed upon in detail in the case of State v. Yokum, 97 South. ——,[1] this day decided, and for the reasons therein stated we think are not well founded.

## Bills Nos. 3 and 4.

These two bills were taken to the overruling of a motion for a continuance, and, since the matter therein presented will probably not recur upon the new trial which we have concluded should be ordered herein, we find it unnecessary to pass thereon.

## Bill No. 5.

The remaining bill presents the same matter raised by the motion to quash, and, for the reasons given in connection with our ruling on the latter, we think is without merit.

For the reasons assigned, the judgment appealed from is annulled and set aside, and this cause is remanded to the lower court, with instructions to allow the motion for a bill of particulars to the extent of requiring the state to show where the liquor was possessed, whether in the home, place of business, on the person, or elsewhere, and for further proceedings not inconsistent with law and the views herein expressed.

---

[1] 154 La. ——.