(96 South. 18).

No. 25616.

STATE v. BENOIT.

(Feb. 26, 1923. Rehearing Denied April 2, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Intoxicating liquors** ⬤➠134—**Statutory reference to federal legislation does not apply to well-known beverages.**

The reference to federal legislation for definition of intoxicating liquors by Act No. 39 of 1921, § 8, does not apply to those well-known intoxicating beverages specified in the statute.

2. **Indictment and information** ⬤➠121(2)—**Defendant may ask for bill of particulars of liquor manufactured or possessed.**

When indictment for violation of Act No. 39 of 1921 does not specify the kind of intoxicating liquor manufactured, possessed, or sold, defendant may ask for a bill of particulars on the subject.

3. **Criminal law** ⬤➠1144(3)—**Not assumed that liquor was not one mentioned in statute or was not intoxicating, when no bill of particulars asked.**

Where indictment under Act No. 39 of 1921 does not specify kind of intoxicating liquor manufactured, possessed, or sold, and defendant asks no bill of particulars, it will not be assumed on appeal that the liquor was not one of the beverages specifically mentioned or was not intoxicating in fact.

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Thos. F. Porter, Jr., Judge.

Fergus Benoit was convicted of manufacturing and possessing intoxicating liquor, and he appeals. Affirmed.

A. R. Mitchell, of Lake Charles, for appellant.

A. V. Coco, Atty. Gen., Griffin T. Hawkins, Jr., Dist. Atty., and Mark C. Pickrel, Asst. Dist. Atty., both of Lake Charles (T. S. Walmsley, of New Orleans, of counsel), for the State.

O'NIELL, C. J. Appellant was convicted of violating Act 39 of 1921, by manufacturing intoxicating liquor, and by having the liquor in his possession, for beverage purposes.

[1-3] Before pleading to the indictment, he filed a motion to quash, averring that the Act 39 of 1921 was unconstitutional, for the reason, mainly, that section 8 of the statute, in so far as it referred to federal legisla-

tion for a definition of intoxicating liquors, violated section 18 of article 3 of the Constitution, forbidding the adoption of a system or code of laws by reference to the system or code of laws. That complaint, together with the others urged in the motion to quash the indictment, was carefully considered in State v. Coco, 152 La. 241, 92 South. 883, and again in State v. Anding, 152 La. 259, 92 South. 889; and it has been considered many times since, in cases not yet reported. It is now well settled that the reference to federal legislation, in section 8 of the statute, does not apply to those well-known intoxicating beverages that are specified in the statute. When an indictment does not specify the kind of intoxicating liquor that the defendant is accused of having manufactured, possessed, or sold, etc., he may ask for a bill of particulars on the subject. If he does not ask for the information, we will not assume that the intoxicating liquor referred to in the indictment is not one of the beverages specifically mentioned in section 8 of the statute, or is not intoxicating in fact, but only declared so by federal legislation.

It is conceded by the learned counsel for appellant that the rulings made in the several cases that we have referred to are contrary to the contentions made in the motion to quash the indictment in this case. We doubt that any statute has ever been attacked so many times, for its alleged unconstitutionality, as section 8 of the Act 39 of 1921 has been attacked during the first year of its existence. Having given our careful attention to the arguments made in every case since our decision of the Coco Case, we are yet convinced—so firmly convinced that we hope some day to convince the members of the bar—that our opinion in that case was correct.

The verdict and sentence are affirmed.