ST. PAUL, J.
 

 The information charged that on
 
 or about
 
 January 6, 1925, defendant did “unlawfully sell and dispose of intoxicating liquor for beverage purposes.”
 

 Defendant thereupon asked for the following particulars, to wit: (1) Exact day
 
 and hour;
 
 (2) exact place; (3) person of vendee; (4) kind of liquor; (5) quantity; (6) price received; (7) alcoholic content; (8) whether sold by defendant personally or through another.
 

 Whereupon the state voluntarily furnished, in answer thereto, the following particulars
 
 seriatim,,
 
 to wit: (1) The date alleged in the bill of information; (2) in or near the outskirts of Kinder, on the road leading from Kinder to Lake Charles, La.; (3) the state is not required to name the vendee; (4) whisky, sometimes called “shinney”; (5) about three pop bottles; (6) $4; (7) the state is unable to give the alcoholic content, but avers that it is highly alcoholic and intoxicating; (8) by defendant personally.
 

 It will thus be seen that defendant was voluntarily given all the information he asked for,
 
 except
 
 (1) the exact
 
 hour
 
 at which the liquor was sold, (2) the
 
 name
 
 of the purchaser, (3) the
 
 alcoholic content
 
 of the liquor sold; and the trial judge says that the evidence was confined to t-he date alleged in the indictment.
 

 I.
 

 Where the defendant is charged with possessing, manufacturing, or selling
 
 whisky
 
 for beverage purposes, it is not necessary to set forth the
 
 alcoholic content
 
 thereof; since the statute (Act No. 39 of 1921 [Ex. Sess.]) forbids in express terms the possession, manufacture, and sale of
 
 whisky,
 
 and courts will take judicial cognizance of the fact that
 
 whisky
 
 is highly alcoholic and intoxicating. State v. Coco, 152 La. 241, 92 So. 883; State v. McClinton, 152 La. 632, 94 So. 141; State v. Whittaker, 152 La. 639, 94 So. 144; State v. Rodgers, 152 La. 790, 94 So. 397; State v. Roy, 152 La. 933, 94 So. 703; State v. Lowry, 153 La. 177, 95 So. 596; State v. Benoit, 153 La. 421, 96 So. 18; State v. Pete, 153 La. 943, 96 So. 818; State v. Yokum, 155 La. 846, 99 So. 621. So that, when the state informed defendant that the intoxicating liquor which he was charged with selling was
 
 whisky,
 
 it was no longer required to set forth the alcoholic content thereof.
 

 II.
 

 In State v. Cryar, 104 So. 304,
 
 [1]
 
 No. 27, 092 of our docket, decided this day, we held that “the state was not required to give the name of the person to whom the defendant sold the intoxicating liquor,” citing State v. Smith, 139 La. 442, 71 So. 734; State v. Coile, 137 La. 673, 69 So. 90; State v. Mines, 137 La. 489, 68 So. 837; State v. Jackson, 135 La. 365, 65 So. 491; State v. Munlin, 133 La. 60, 62 So. 351; State v. John, 129 La. 212, 55 So. 766; State v. Moeling, 129 La. 204, 55 So. 764; State v. Burkhalter, 118 La. 657, 43 So. 268.
 

 III.
 

 Again in State v. Cryar, supra, we held that when the state charged a defendant with having sold intoxicating liquor for beverage
 
 *677
 
 purposes
 
 on
 
 or
 
 about
 
 a certain date, there was no occasion for furnishing further particulars, “since it would have been the duty of the trial court (in an offense of this kind) to confine the state, and restrict the proof, to
 
 the day named
 
 in the information,” citing State v. De Arman, 153 La. 345, 95 So. 803. And the trial judge says that the state was confined, and the proof restricted, to the day named in the information.
 

 We further held in that same case that “the state was not required to set forth in detail whether the sale took place in the day time, or in the night, or to specify the particular hour at which said sale took place,” citing State v. De Arman, 153 La. 345, 95 So. 803, and State v. Mines, 13,7 La. 489, 68 So. 837. Hence the trial judge properly refused to require the state to set forth the
 
 exact hour
 
 at which the intoxicating liquor was sold.
 

 IV.
 

 The foregoing covers defendant’s bill of exception No. 1. In his brief defendant himself says of his bill of exception No. 2:
 

 “The questions of law arising under this bill are the same as those under bill of exception No. 1; therefore it is unnecessary to discuss them further.”
 

 V.
 

 Bill of exception No. 3 is frankly an endeavor to have this court pass upon
 
 the sufficiency of the evidence
 
 on which the defendant was convicted. This court is
 
 entirely urithout jurisdiction
 
 to do so; for — ■
 

 “The appellate jurisdiction of the Supreme Court shall also extend to criminal cases
 
 on questions of Uno ' alone.
 
 * * * ” (Italics ours.) Const. 1921, art. 7, § 10, par. 7, p. 40.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.
 

 O’NIELL, C. J., concurs in the decree.
 

 [1]
 

 Ante, p. 498.