(119 So. 48)

No. 29420.

## STATE v. COX.

Nov. 26, 1928.

Julius T. Long, of Shreveport, for appellant.

Percy Saint, Atty. Gen., Harry Fuller, Dist. Atty., of Winnfield, and E. R. Schowalter, Asst. Atty. Gen., for the State.

LAND, J. Defendant was convicted of the offense of selling intoxicating liquors for beverage purposes, and was sentenced to pay a fine of $325 and to serve 30 days in the parish jail and, in default of payment, to additional imprisonment for 10 months.

He has appealed, and presents for review the following bills of exceptions:

### Bill No. 1.

Defendant is charged with the sale of the liquor "on or about the 2d day of March A. D. 1928." At his arraignment, April 2d, he asked for a bill of particulars setting forth "the exact time and place of sale, stating whether day or night and the hour and particular forty acres of land or house, and to whom sold."

In answer to the application for bill of particulars, the district attorney informed the defendant "that the place (of sale) was near the home, or place of residence of the defendant in Ward Two of Winn Parish, Louisiana," and that "the time (of sale) was on March 2nd, 1928."

Defendant objected to this information as insufficient as to date, as there was no statement as to the particular hour, nor was there any statement as to whether the offense was committed by day or by night.

Under an indictment for possessing intoxicating liquors for beverage purposes on a specified date, defendant is not entitled to a bill of particulars, alleging in detail whether the liquor was possessed during the day or at night, or at what particular hour. State v. De Arman, 153 La. 345, 95 So. 803. Nor is defendant entitled to such details in the present case, in which he is charged by information with the illicit sale of liquor for beverage purposes, as the date of sale is made certain by the bill of particulars, and it is not an essential element of the offense charged that it be committed at a particular hour or by night.

### Bill No. 2.

In defendant's application for bill of particulars, he requested the names of the prosecuting witnesses. The state, in reply, furnished the name of A. E. Lambert of Shreveport, La., a federal prohibition agent, and also the names of Morrison and Strickland; the Christian names and places of residence of these last-named witnesses being unknown to the prosecution.

Defendant complains that, at his arraignment on April 2d, the court refused to grant him longer than April 5th, the day fixed for trial, to apply for and take the depositions of witnesses living outside of Winn parish, for the purpose of impeaching the testimony of A. E. Lambert, the state witness.

This complaint of defendant is without any foundation, as clearly appears from the per curiam to this bill:

"The defendant when the case was called for trial didn't ask for a continuance so that he might obtain the presence *of these witnesses.* The case was proceeded with; the state and the defendant both offered their testimony. The witness Lambert went on the stand and testified that Morrison and Strickland were with him at the time he purchased the whisky, that these parties fell in with him near Rochelle in Grant Parish, and were not working with him, but just went out to get some whisky for themselves. The defendant then requested that the case be left open for the purpose of taking the testimony of several persons in the southern part of the state for the purpose of attacking the credibility of the witness Lambert *and did not at that time make any request to take the testimony of Morrison and Strickland.* The case was continued on defendant's motions from the fifth of April until the tenth of May, and, the lawyer for the defendant not appearing on that date, the same was continued until the twelfth of May. The defendant had knowledge of Morrison and Strickland being with

the witness at the time of the purchase, as shown by the bill of particulars on the second day of April and heard the witness testify that they were with him on the fifth of April, and if defendant wanted their testimony he should have requested on April 5th that the case should be left open for that purpose. He had plenty of time. These witnesses also reside out of the parish and the court did not know whether they could be obtained or not as they could not be forced to attend court in another parish in a case of this nature."

We find no error in the ruling of the trial judge.

### Bill No. 3.

 On the trial of the case defendant requested the following special charge:

"That where the state relies upon the testimony of a person whose occupation is that of a spotter or detective in locating and finding evidence or testimony of illegal sales of intoxicating liquors and there is a creditable witness who testifies that the reputation of the spotter is bad for truth and veracity; also it is shown that the said spotter had made untrue statements as to sales of whisky in an affidavit in another case, the testimony of said spotter, unless strongly corroborated on material matters, will not be sufficient to convict in this case."

This special charge is disposed of by the statement in the per curiam of the trial judge that it "was not applicable to the facts in the case at bar." It is elementary that a charge inapplicable to the facts of the case presents a mere abstract proposition of law and should be refused.

### Bill No. 4.

 The following special charge was also requested by defendant:

"The fact that none of the several persons the said A. E. Lambert testified were present when he bought the whisky from defendant were produced as witnesses, and there was no effort shown to have been made to have them present, or to take their depositions or testimony herein, is a circumstance against the case of the state and favorable to the defendant."

The trial judge refused to charge himself as requested for the reason that the special charge did not correctly state the law.

It is well settled that the prosecuting officer is not bound to call all of the witnesses present at the commission of an offense, but has the right to place upon the stand such witnesses as he may deem credible in the proof of the charge. If the law were otherwise, the state would be confronted in' many instances with witnesses unfriendly to the prosecution, and miscarriages of justice would result from the conflicting testimony of the state witnesses themselves.

### Bill No. 5.

 Defendant also requested the trial judge to charge himself the following special charge:

"The affidavit made by A. E. Lambert in the Moss case in the U. S. Court, copy of which was introduced in evidence herein by defendant, shows that said Lambert positively swore that he personally bought and received the whisky therein mentioned, and that he was personally present at said sale, and his admissions in his testimony in the above cause against the defendant herein to the effect that he was not present, did not pay the money, receive the whisky, nor see the sale, but was some distance away from the home or place where the sale took place, show that in the Moss case he testified other than the facts, or swore to other than the facts in said affidavit, having sworn he bought the whisky there, whereas he had not."

In misdemeanor cases, the trial judge is the exclusive judge of the credibility of witnesses and of the weight and sufficiency of the evidence.

The requested special charge was based upon the facts of the case, and not upon a proposition of law, and was therefore properly refused.

### Bill No. 6.

 The trial judge was requested by defendant to charge himself the following special charge:

"That the testimony of A. E. Lambert, a government spotter as to the alleged sale of whisky in this case was wholly uncorroborated, and was therefore insufficient to convict as against the testimony of the defendant denying the sale,

especially in view of the fact that the copy of affidavit in the Moss case filed in evidence herein shows that the said Lambert in the Moss case swore that he had bought whisky, when his admissions in this case show he had not."

In the per curiam to this bill it is stated:

"The charge is an attempt to charge both the facts and law. But the witness was not a spotter but a government agent, and he was corroborated by some of the defendant's witnesses on certain things that happened in the defendant's home on the night of the said sale of whisky. The witness Lambert was also corroborated very strongly by the testimony of Deputy Sheriff Sholars. For these reasons the charge didn't correctly state the facts nor did the law embraced therein apply to the facts in this case and therefore the charge was refused."

The ruling of the trial judge was correct.

## Motion for New Trial.

■ This motion is a mere reiteration of the complaints embodied in the bills already discussed and disposed of, with the exception of the averment that Morrison and Strickland are newly discovered witnesses and will testify that defendant made no sale of liquor to Lambert on March 2, 1928, as charged in the information in this case, although Lambert testified that these witnesses were present at the sale. The affidavits of the alleged newly discovered witnesses are annexed to the motion for a new trial.

It is clear from the per curiam to bill No. 2 that these witnesses were not newly discovered, but that their names were made known to defendant as early as April 3, 1928, in the answer of the state to the application of defendant for a bill of particulars. The trial was continued from April 5th, after Lambert had testified that these witnesses were present at the sale of the liquor, to May 10th, and was again postponed to May 12th,

in order to enable defendant to procure these witnesses or their testimony.

The evidence of these witnesses was not newly discovered, in our opinion. Lack of due diligence upon the part of defendant is apparent, even if defendant might have had the right to take their depositions, a point upon which we express no opinion, as it is not necessary to the decision in this particular case.

## Bill No. 7.

A motion to reopen the case, in order to take the depositions of J. Morrison and J. H. Strickland, residents of Grant parish, was filed May 12, 1928, the day on which defendant was convicted and sentenced. This motion was overruled. If entitled to the relief asked, defendant has had ample time for his defense. He was arrested March 9th, and was arraigned April 2d. His trial had commenced on April 5th, and had been continued to May 10th, and was again postponed until May 12th.

In conclusion, we find it necessary to state that the bills of exceptions, as disclosed by the record, are not numbered in chronological order, and that some of these bills bear the same number, although relating to different subject-matter. To illustrate: We find two bills numbered No. 1. Tr. 9; Tr. 26. The first bill (No. 1) is reserved to the alleged failure of the state to give a sufficient date to the offense, in the answer to the bill of particulars requested by defendant. The second bill (No. 1) is reserved to the overruling of a motion for a new trial. We have found it necessary therefore to renumber the bills in the record, and to dispose of them in new and regular order.

The conviction and sentence are affirmed.