BRUNOT, Justice.
 

 This is an appeal from a conviction and sentence for the crime of robbery.
 

 There are two bills of exception in the record. Bill No. 1 was reserved to the overruling of defendant’s objection to testimony offered by the state to prove a confession by the defendant. The basis of the objection was the failure of the district attorney, in his opening statement to the jury, to inform the jury whether the confession was made orally' or in writing. The district attorney explained the nature of the crime charged; he outlined the facts which he expected to prove; he stated he would offer direct testimony of the victim of the robbery, his positive identification of the recovered property, and the voluntary confession of the accused. This is all that is required by article 333 Code of Grim. Procedure. The pertinent part of article 333 Code Cr. Proc. is as follows:
 

 “The jury having been empanelled and the indictment read, the trial shall proceed in the following order:
 

 “The reading of the plea to the jury; the opening statement of the' district attorney explaining the nature of the charge and the evidence by which ha expects to establish the same; the opening statement by counsel for the defendant at ¡his option explaining the defense and the evidence by which he expects to prove the same;” etc.
 

 In State v. Silsby, 176 La. 727, 146 So. 684, 689, the district attorney, in his opening statement to the jury, omitted to inform the jury that he intended to offer in evidence the confession of the accused. Later the confession 'was admitted, over the objection of defendant’s counsel, and, for that reason, the verdict and sentence were set aside. In the opinion rendered the court said:
 

 “In our opinion the statute requires the district attorney to set forth not only the facts which he expects to prove, but also the evidence, i. e., the nature of the evidence, by which he expects to prove them, whether oral or written, or direct or circumstantial, or confessed.”
 

 The following words in the opinion: “Whether oral or written, or direct or circumstantial, or confessed,” are intended as merely illustrative. The holding of this court, divested of superfluity, is that, where the district attorney proposes to offer in evidence the confession of the accused, he should, in his opening statement, inform the jury of that fact. Otherwise, if timely objection is made thereto, the confession should be excluded. In this case the district attorney followed the letter and spirit of article 333, Code Cr. Proc., and, for that reason, we find no merit in this bill.
 

 
 *381
 
 Bill No. 2 was reserved to the overruling of a motion and a supplemental motion for a new trial. The grounds urged in these motions are that the verdict is contrary to the law and the evidence; that the court erred in its ruling, to which defendant excepted and reserved his first bill of exceptions; and that the defendant should be granted a delay in order to permit him to obtain an affidavit from the chief of police of Monroe “setting forth the true facts in regard to the statement made by defendant to the said Chief of Police of Monroe.” The minutes show that these motions were filed on December 12,1933. On January 6, 1934, twenty-five days after the filing of the motion and supplemental motion for a new trial, the superintendent of police of Monroe wrote to the trial judge the following letter:
 

 “Monroe, La.,
 

 “Jan. 6, 1934.
 

 "Hon. Judge T. F. Bell, Shreveport, La.,
 

 “Dear Judge:
 

 “Some two or three days ago a man by the name of Bishop came to see me in connection with his son Fred Bishop who is at the present time in the Caddo Parish Jail.
 

 “Fred Bishop and John Perkins were arrested here some time back, on information received by the police from someone unknown to me. These men confessed to the officers that they had tied a negro man to a tree near a water tank in the railroad yards at Shreveport. The officers got two pistols at the time they took them in charge.
 

 “If my memory serves me right, this man Fred Bishop, stated he came from Texas with this man Perkins, and that they had been together for some time. I did not take a written statement from them, but I do recall that they both stated that they tied a negro to a tree, both said to have taken part in the tying. After they had been in jail, Bishop stated that Perkins made him do what he did, but in Bishop’s first statement he did not say anything about Perkins making him do what he is supposed to have done.
 

 “This is about all I recall in this matter, for the reason as stated, I did not take a written statement from either of them. This Perking told me he had been arrested in Texas something over three hundred times.
 

 “Yours very truly,
 

 “[Signed] L. Y. Tarver
 

 “Supt. of Police.”
 

 The foregoing letter was filed in the record without objection, so far as the transcript shows, and three days thereafter, January 9, 1934, the motions for a new trial were overruled and the accused was sentenced.
 

 It appears that the superintendent of police of Monroe, in the presence of the accused, informed Deputy Sheriff Stone, of Caddo parish, of the nature of the confession that the defendant had made to him, and thereupon the defendant repeated to Deputy Stone the confession he had previously made to tbe Monroe superintendent of police.
 

 On the trial, the state proved the confession by Deputy Stone. Counsel’s complaint seems to be based upon the jurisprudence which holds that statements of a third person in the presence of an accused, while under arrest, are not admissible in evidence, for the reason that, under those circumstances, an accused is not called upon to either affirm or deny the
 
 *383
 
 statements. That jurisprudence has no application here because, in this case, the defendant’s confession was voluntarily made to, and proved by, Deputy Stone.
 

 We find no reversible error in the rulings complained of, and therefore the verdict and sentence are affirmed.
 

 ST. PAUL, J., absent.
 

 ROGERS, J., dissents.