HAMITER, Justice.
 

 In a petition to this court, Mrs. Virginia Paline Sherill alleged in effect, among other things, that her minor daughter has been called a “neglected child” in an affidavit of Mrs. Wilma Frey Delaune filed in the Juvenile Court of Caddo Parish, but that such affidavit does not charge the existence of any one of the numerous conditions set forth in Section 9 of Act No. 30 of 1924, by which a minor is judicially determined to be a “neglected child”; that the action of Mrs. Delaune is a deliberate attempt to circumvent the order of the Civil District Court for the Parish of Orleans rendered on August 26, 1943, in which petitioner was awarded the child’s custody; and that in the absence of the required and mentioned specific statutory charge the Juvenile Court is without jurisdiction of her minor daughter.
 

 Petitioner then prayed that “a writ of certiorari issue, commanding the Honorable Chris Barnette, Judge of the Juvenile Court, Caddo Parish, to send up to this Court a certified copy of all proceedings had in case No. 8596 pending in his Court, and that, upon due hearing, a writ of prohibition issue, directing him not to proceed further with the trial of said cause, and particularly from proceeding with the trial set for October 26, 1943, and that finally the order rendered by him on September 11, 1943, be set aside, and that proceedings No. 8596 be ordered dismissed because the said Court lacks jurisdiction to entertain, try, or determine the same.”
 

 On the showing made, we ordered the respondent judge, through the writ of certiorari, to transmit to this court the record, or a certified copy, of the proceedings complained of by relator. Further said judge, as well as Mrs. DeLaune, was directed to show cause in this court why the relief prayed for in the petition of relator should not be granted, the issued rule being accompanied by a stay order.
 

 Our examination of the transmitted certified copy of the record, following its filing here and the submission of the matter for decision, discloses that no plea to the jurisdiction of the Juvenile Court of Caddo Parish was tendered by petitioner and acted upon in that court. Even if it be conceded that Mrs. Delaune’s affidavit is defective as relator claims, we are now powerless to grant the relief for which she prays; this is because of her failure to raise the jurisdictional question, and obtain a ruling thereon, in the court of first instance.
 

 
 *1099
 
 As stated in 35 A.L.R. p. 1093, “In Louisiana the courts apply rigidly and without qualification the rule that unless a plea to the jurisdiction of the court is made and overruled in the inferior court, a writ of prohibition will not be isshed.” In support of that statement, innumerable decisions of this court are cited; among these are State v. City of New Orleans et al., 149 La. 788, 90 So. 196, 198, in which we said: “It is well settled, however, that this court will not issue a writ to a court of inferior jurisdiction, prohibiting further proceedings in a case, for alleged want of jurisdiction, until a plea to the jurisdiction has been presented to and overruled by that court * * And there are many later cases in our jurisprudence which follow the general rule that an application for writ of prohibition will not be entertained unless relief is first sought in the lower court.
 

 For the reasons assigned the rule to show •cause is recalled, the granting of the writ of prohibition is refused, and the relief prayed for by relator is denied.