O’NIELL, Chief Justice.
 

 The appellant was prosecuted in the juvenile court under an affidavit charging him with indecent behavior with a juvenile. The charge — stated specifically — was that the defendant committed a lewd or lascivious act upon a boy under the age of seventeen years — in fact of the age of fifteen years — with the intention of arousing or gratifying his sexual desire or that of the offender. The offense is defined in Article 81 of the Criminal Code thus:
 

 “Indecent Behavior with Juveniles is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, with the intention of arousing or gratifying the sexual desires of either person.”
 

 
 *103
 
 The prosecution came within the jurisdiction of the juvenile court under Section 52 of Article VII of the Constitution because the offense constituted contributing to the delinquency of a juvenile. The defendant was convicted and sentenced to imprisonment in the parish jail for six months and a day.
 

 The appellant relies upon two bills of exception. The first bill was reserved to the overruling of a part of a motion for a bill of particulars to compel the prosecuting attorney to state in his affidavit not only the date on which but also the hour at which the alleged offense was committed. In the affidavit it was alleged that the crime was committed on or about the 23rd day of September 1943. The words “on or about the” were printed in the form of the affidavit, and the date was inserted in typewriting. In the defendant’s motion for a bill of particulars he asked that the prosecuting attorney should give the exact date and the time when and place where the alleged misconduct occurred. The judge ordered the prosecuting attorney to state the place where the alleged offense was committed, but declined to order him to state the hour at which it was committed. The prosecuting attorney complied with the order by stating that the offense was committed at the home of the defendant and by giving the name of the street on which the house was located and the municipal number of the' house.
 

 A prosecuting attorney is not obliged to allege in a bill of indictment or information, or affidavit, on which a prosecution is founded, the time of day or night when the alleged offense was committed, unless the time, or the question of day or night, is essential, as in the case of burglary in the nighttime. State v. John, 129 La. 208, 55 So. 766; State v. Gremillion, 137 La. 291, 68 So. 615; State v. Mines, 137 La. 489, 68 So. 837; State v. De Arman, 153 La. 345, 95 So. 803; State v. Cryar, 158 La. 498, 104 So. 304; State v. Marcantel, 158 La. 674, 104 So. 612.
 

 In stating the date of the alleged offense, in an indictment or bill of information or affidavit, it is sufficient to say “on or about” the given date, the words “or about” being in such cases regarded as surplusage, and the date specified being considered the real or exact date. State v. McCarthy, 44 La.Ann. 323, 10 So. 673; State v. De Arman, 153 La. 345, 95 So. 803; State v. Cryar, 158 La. 498, 104 So. 304; State v. Marcantel, 158 La. 674, 104 So. 612; State v. Lewis, 159 La. 109, 105 So. 243.
 

 In this instance all of the evidence offered by the State tended to prove that the offense was committed on the date specified in the affidavit. Our conclusion is that there was no error in the refusal of the judge to compel the prosecuting attorney to state more exactly the date on which — or to state the time at which — the offense was committed.
 

 The other bill of exception was reserved to the overruling of an objection to the testimony of the mother of the boy with whom the offense was alleged to have been committed. She, testifying as a witness for the state, said that on the 16th and 17th of January 1943, that is, more than eight
 
 *105
 
 months before the date of the offense charged in the affidavit, she, suspecting that the defendant was committing indecencies upon her son, and disapproving of the familiarity between them, saw through a window of the defendant’s bedroom a lewd or lascivious act committed by him upon her son. The objection urged by the attorney for the defendant was that the testimony was irrelevant, because its purpose was merely to prove the commission of another offense, separate and distinct from the offense charged in the affidavit, and on a date long before the date of the offense charged in the affidavit, and that the testimony would have the effect of prejudicing the judge who had to pass judgment upon the guilt or innocence of the defendant, of the offense for which alone he was on trial.
 

 As a general rule, in criminal prosecutions, evidence is not admissible for the purpose of proving that the defendant committed another offense than that for which he is on trial, especially where the other offense is said to have been committed at a date very remote from the date of the offense for which the party accused is on trial. The principal reason for the rule is found in the Bill of Rights — -in Section 10 of Article I of the Constitution — in the guaranty that “In all criminal prosecutions, the accused shall be informed of the nature and cause of the accusation against him.” It is considered contrary to the spirit of that guaranty for a person on trial for, a stated crime to be accused of another crime without being previously warned and informed of the nature or cause of the other accusation. If the defendant or his attorney had made that objection at the time when the objectionable testimony was offered, or if the defendant or his attorney had stated at the time of his objection that he was surprised by the testimony, the objection would have been a very serious one. But no such objection or declaration was made by the defendant or his attorney on the trial of the case. The first time any intimation was given that the defendant was not prepared to meet the accusation of his having committed a similar offense eight months previous to the offense alleged in the affidavit was when the attorney for the defendant stated in the formal bill of exception, which was written and signed three weeks after the date of the trial, and eighteen days after the motion for a new trial was overruled, that the accusation of the previous offense was one “which he was not prepared to meet.” If that objection had been made when the testimony was offered the prosecuting attorney might have shown that the defendant and his attorney were not taken by surprise by the testimony to which they objected. From the facts stated in the per curiam attached to the bill of exceptions it is very likely that the defendant and his attorney had ample and timely warning of the testimony which the mother of the boy would give on the trial of the case.
 

 Another reason for the general rule, that in a criminal prosecution evidence is not admissible to prove that on another occasion the defendant committed a crime similar to the one for which he is on trial, is that proof that a person committed a certain crime on one occasion is not an indication that he committed a similar crime
 
 *107
 
 on another occasion. But that reason for the rule is not applicable to a prosecution for an unnatural sex offense, because such offenses are never committed by a person who is not afflicted with an unnatural or abnormal sex desire, such as — for example —homo-sexuality.
 

 This exception to the general rule that evidence of the commission of another offense similar to the one for which the party accused is on trial is irrelevant is particularly applicable to a prosecution for contributing to the delinquency of a child. It is so stated in 22 C.J.S., Criminal Law, § 691, p. 1161, thus:
 

 “In prosecutions for contributing to the delinquency of a child, other acts of similar character upon the same child are admissible as showing the disposition of the accused.”
 

 The conviction and sentence are affirmed.