PONDER, Justice.
The defendant was charged in. a bill of information with the forgery of “a certain instrument purporting to be a bank money order of the City National Bank of Baton Rouge, Louisiana.” The bill of information was filed on August 21, 1954; defendant was arraigned on November 5, 1954 and entered a plea of not guilty. The case was set for trial for November 17, 1954. The ■court appointed an attorney of the Alexandria bar to represent the defendant at his request. On the day of the trial an Oklahoma attorney appeared and stated that he had been employed to represent the accused, The accused affirmed this statement, whereupon the attorney appointed by the court withdrew from the case. The case was tried and the defendant was convicted and sentenced to serve four years in the penitentiary. He has appealed.
During the course of the trial, twelve bills of exception were taken to the ruling of the trial court.
Bill of Exception No. 1 was taken to the refusal of the trial court to grant a continuance. It is alleged in the motion for .a continuance that the Oklahoma attorney • did not receive notice of the setting of the ■ case until the 7th or 8th of November, 1954 and that he attempted to secure the attendance of two Oklahoma witnesses to prove the whereabouts of the defendant on the ••date of the commission of the offense, thát on account of previous commitments these witnesses could not attend the trial unless a continuance was granted. The affidavits of these two witnesses reveal that they saw the defendant in Oklahoma City on December 4, 1935 and the 12th and 19th of January, 1954. The bill of information alleges that the offense was committed on January 11, 1954. No subpoena had been previously issued for these witnesses and the trial court overruled the motion for a continuance on the ground first, that these witnesses had not been summoned nor had any request been made to have them summoned and second, that the affidavits of the witnesses do not account for the whereabouts of the defendant on January 11, 1954. The' granting or refusing of a continuance iá within the sound discretion of the trial judge and this court will not disturb the ruling of the trial judge except where there' is an arbitrary or unreasonable abuse of' such discretion. LSA-R.S. 15:320. The' application does not show that due diligence' was used in attempting to procure the attendance of these witnesses. LSA-R.S. 15:322. Moreover, the affidavits do not show that the witnesses could account for the whereabouts of the defendant on January 11, 1954. Counsel for the defendant also argues that the complaining witness testified at the extradition hearing in Oklahoma that the offense occurred on January 12,' 1954 and that the bill of information charges the offense was committed on January 11, 1954 and that additional time was *347 needed to secure the testimony of witnesses to prove the whereabouts of the defendant on that date. The accused was informed of the date on which the offense was committed on the date he was arraigned some twelve days before the trial and no request was made to subpoena these witnesses until the day of the trial.
Bills of Exception Nos. 2 and 3 were taken to the ruling of the court refusing the defendant to withdraw his plea of not guilty on the day of the trial for the purpose of filing a motion to quash the information. The lower court refused to permit the ^withdrawal of the plea on the ground that it came too late because November 10, 1954 had been fixed as the last date for the filing of motions. We have examined the motion to quash and find that it is based on the failure of the state to allege that the offense was committed “with intent to defraud”. The defendant was charged in a short form of indictment under the provisions of LSA-R.S. 15:235 and it was unnecessary to allege that the offense was committed with intent to defraud. If he had wished additional information, his remedy would have been to request a bill of particulars. No such request was made. It is alleged, in the motion to quash that, the defendant is charged as Eulys Sigrid Thompson alias Calvin C. Hawkins and that the use of ,the alias in the charge negatives the- idea that the writing purported to be the .act of the defendant. Counsel relies on the holding in State v. Melson, 161 La. 423, 108 So. 794. The case is not applicable because the defendant was charged with forging the entire instrument and not solely the endorsement or signature of the payee as was in the case in State v. Melson, supra.
Bill of Exception No. 4 was taken to the overruling of defendant’s objection to the introduction of any testimony. Counsel for the defendant concedes that this bill is predicated on Bills of Exceptions Nos. 2 and 3 and that if those bills are not meritorious that the trial court properly overruled his objection to the introduction of any evidence.
Bill of Exception No. 5 was taken to the ruling of the trial court sustaining the objection of the state to the testimony of a witness that a handwriting expert was refused the right to examine the handwriting of the defendant and testify at the extradition proceedings in Oklahoma. This evidence was properly excluded because it is hearsay.
Bill of Exception No. 6 was taken to the ruling of the trial court sustaining the objection of the state to a question propounded to a witness asking him if he had held a whispered conversation with the complainant prior to the identification of the defendant at the extradition proceedings in Oklahoma. The testimony taken outside the presence of the jury shows that no such whispered conversation took place.
*349 Bills of Exception Nos. 7, 8 and 9 are to the same effect and involve the same questions raised in the three prior bills and are equally without merit.
Bill of Exception No. 10 was taken ,to the ruling of the trial court denying the request of counsel for the defendant to offer testimony of the Deputy Clerk of Court that the attorney previously appointed by the court to represent the accused had failed to file any motions or summon any Witnesses on behalf of the defendant. We see no merit in this bill for the reason that counsel employed by the defendant did not make any effort to file any motions or summon any witnesses prior to the date of the trial even though he was informed of the date of the trial several days before it took place and the further fact that the motions filed by counsel on the day of the 'trial were without merit. The conclusion is therefore inescapable that no meritorious motion could have been presented.
Bill of Exception No. 11 was taken to the overruling of the motion for a new trial based on the prior bills of exception. Having disposed of those bills, there is no merit in the motion for a new trial.
Bill of Exception No. 12 was taken to the overruling of the motion in' arrest of judgment predicated on the same grounds set forth in the motion to quash which has already been disposed of.
For the reasons assigned, the conviction and sentence are affirmed.