McCALEB, Justice.
Relator was charged by a bill of information filed on the criminal docket (No.18,-984) of the Twelfth Judicial District Court for the Parish of Avoyelles with having violated Article 81 of the Criminal Code (R.S. 14:81) entitled “Indecent behavior with juveniles” in that he, being over the age of 17 years, did commit a lewd and lascivious act upon the person of a female over 12 but under age 17 with the intention of gratifying the sexual desires of said female. After a trial at which 25 bills of exceptions were reserved, relator was found guilty as charged and sentenced to pay a fine of $200 and to serve 4 months in the parish jail. Having no right of appeal from the conviction and sentence under Section 10 of Article 7 of the Constitution,[1] relator applied to this Court for remedial writs.
In his application for writs relator contended, among other things, that the crime with which he was charged was triable only in the Juvenile Court and that the Twelfth Judicial District Court, sitting as a criminal division of the district court, was without jurisdiction of the case. As this claim appeared to be well founded, we granted a writ of certiorari and the case has been submitted on this writ for our determination. The question of the jurisdiction of the trial court stands at the threshold of the case and we direct our immediate attention to a consideration of it.
A prosecution for a violation of R.S. 14:81, defining and denouncing the crime of indecent behavior with juveniles, is cognizable only in the Juvenile Court. Section 52 of Article 7 of the Constitution, which establishes the Juvenile Courts in all parishes except Orleans and Caddo parishes, declares in part:
“The said Courts shall have jurisdiction * * * of the trial of all *561 persons charged with the violation of any law now in existence or hereafter enacted for the protection of the physical, moral or mental well-being of children under seventeen years of age, not punishable by death or hard labor. * * * ”[2]
Since R.S. 14:81 was unquestionably enacted for the protection of the physical and moral well-being of children and since it is a misdemeanor in that it does not provide for a death penalty or imprisonment at hard labor (see R.S. 14:2), it is clear that only the Juvenile Court of Avoyelles Parish had jurisdiction of the ■case and that the judge, sitting as a district court, was without jurisdiction ratione materiae to try relator for the offense charged. See State v. Alford, 206 La. 100, 18 So.2d 666 and State v. Smith, 210 La. 581, 27 So.2d 359.
The district attorney apparently concedes that the trial court, sitting as a criminal district court, was without jurisdiction but he asserts that, since the district judge of the Twelfth Judicial District is ex-officio the juvenile judge, there is in reality no separate juvenile court; that, therefore, relator has not been prejudiced in any respect and that no useful purpose would be gained by reversing the conviction as relator would be tried before the same judge who would simply sit as a juvenile judge.
This argument is specious for, while it appears to furnish practical grounds to support its conclusion, it is legally unsound in view of the mandatory provisions of law, enacted pursuant to the authority given the Legislature by Section 52 of Article 7 of the Constitution,[3] under which the juvenile courts function.
By Act 82 of 1950 the Legislature substituted a new Chapter 6 of Title 13 of the Revised Statutes (R.S. 13:1561-1592) reenacting a general law governing all juvenile courts in the State. That law provides that, when the district judge is serving as judge of the Juvenile Court for any parish in his district, he shall be known as the judge of the Juvenile Court of such parish and all official acts performed by him shall be acts of the Juvenile Court of such parish (see R.S. 13:1562); that said juvenile courts shall be in continuous session and “All sessions of said courts shall be held separate and apart from the sessions of all other courts * * * ” *563 (see R.S. 13:1584); that the court shall make and keep records of all cases brought before it (see R.S. 13:1586) and that the judge of the court may employ such stenographic, secretarial and other personnel as may be deemed necessary to make the functions of the court effective and provide adequate services (see R.S. 13:1587).
Thus it is seen that, although the judge of the district court is ex-officio judge of the juvenile court, the court itself is distinct and functions separately and apart from the district court. Accordingly, when he is sitting as a district judge in sessions of the district court, the judge cannot entertain jurisdiction of cases cognizable in the juvenile court. State v. Kiffe, 210 La. 863, 28 So.2d 459. See State v. Hilaire, 216 La. 972, 45 So.2d 360 and compare State v. Tanner, 224 La. 374, 69 So.2d 505.
The District Attorney also contends that, since defense counsel (although they filed motions to quash, in arrest of judgment and other multifarious objections in the court below) did not question the court’s jurisdiction as a district court, it is too late to raise its lack of jurisdiction for the first time in the application for writs and that, under these conditions, it is proper to conclude that relator has waived the right to demand that he be tried before the juvenile court.
There is no merit in this argument. Jurisdiction of a court, ratione materiae, is not subject to waiver and the lack thereof may be pleaded at any stage of the proceedings, even in the appellate tribunal. See 14 Am.Jur. Section 214, page 917; State v. Foss, 158 La. 471, 104 So. 211; State v. Porter, 176 La. 673, 146 So. 465 and State v. Smith, 194 La. 1015, 195 So. 523.
In re Sherill, 204 La. 1096, 16 So. 2d 885 and the cases cited therein are not authority for the District Attorney’s position that relator’s failure to raise the' jurisdictional question in the trial court bars him from now doing so. The Sherill case merely follows the rule, long established in our jurisprudence, that this Court will not issue a writ to a trial court, prohibiting further proceedings in a case for alleged want of jurisdiction, until a plea to the jurisdiction has been presented to and overruled by that court. The reason for that rule is that this Court will not exercise supervisory jurisdiction unless there has been an adverse ruling of the inferior court, upon which the application for writs is founded. Here, however, the matter is before us on a writ of certiorari to review the proceedings below, which is the same as though the case had been brought up on appeal, and any error patent on the face of the record may be considered and determined by this Court even though it was not submitted to and passed *565 upon by the trial judge. See Article 558 of the Code of Criminal Procedure (R.S. 15:558).
Inasmuch as we find that the Twelfth Judicial District Court was without jurisdiction of the case, it is not necessary to consider the other grounds raised by relator for a reversal of his conviction.
For the foregoing reasons, the conviction and sentence are annulled and the proceedings against relator, which have been filed on the criminal docket of the Twelfth Judicial District Court, are dismissed; all without prejudice to the right of the State to bring further proceedings not inconsistent with the views herein expressed.

. It provides: “The appellate jurisdiction of the Supreme Court shall also extend to criminal cases on questions of law alone, whenever the penalty of death or imprisonment at hard labor may be imposed; or where a fine exceeding three hundred dollars or imprisonment exceeding six months has been actually imposed.”

. The Legislature has, in R.S. 13:1570, substantially tracked the above quoted constitutional provision.

. It provides in part: “The Legislature shall have power to regulate the manner of conducting all proceedings in said Juvenile Courts and appeals from all final judgments, and tbe number and duties of tbe officers thereof and all other matters pertaining thereto, and shall provide for the payment of the expenses of said Courts in any manner it shall see fit.