98 So.2d 185

**STATE of Louisiana**

**v.**

**Frank JONES.**

No. 43524.

Nov. 12, 1957.

Earl J. Amedee, New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Peter J. Compagno, Asst. Dist. Atty., New Orleans, for appellee.

SIMON, Justice.

Frank Jones was charged in a bill of information with having "while armed with a dangerous weapon, to-wit: a knife, robbed one Lloyd Alexander of $7.00 in U. S. currency," in violation of LSA–R.S. 14:-64. He was tried, convicted and sentenced to serve a term of ten years at hard labor at the State Penitentiary. During the course of the trial three bills of exception were reserved and perfected and are urged on this appeal for reversal of said conviction and sentence.

Bill of Exception No. 1 was reserved to the refusal by the trial court to grant a continuance verbally moved for by the defendant. The defense had subpoened only one witness, Arthur Jones, Jr., of 716 Clara Street, New Orleans, who failed to answer when his name was called in court on the day of the trial. The return of the sheriff showed that the said witness could not be located and that he did not live at nor was he known at the address given to the sheriff

by the accused. When counsel for the defendant verbally moved for a continuance the trial judge offered to issue an instanter subpoena for the said witness if counsel could furnish an address at which the witness could be located. The defendant could not furnish any address other than the one mentioned heretofore, nor could he direct the sheriff to any place where the said absent witness could be located. In his per curiam the court informs us that the defendant did not indicate to the court the facts he expected the absent witness was to testify to or the materiality of said testimony and that the defense failed to show that if the trial was continued the absent witness could be located.

■ Furthermore, the defense did not at any time file a written application for a continuance, containing therein the specific grounds on which it was based and the allegations therein sworn to by the accused or his counsel, as required by LSA–R.S. 15:321 of the Louisiana Criminal Code. Whereas, the general rules of procedure in criminal cases, being sui generis, must be strictly adhered to and an application for continuance must be made by formal written notice in the manner and form prescribed by LSA–R.S. 15:321 and 15:322. Consequently the mere verbal objection to going to trial presents nothing for review on appeal. State v. Patterson, 176 La. 1013, 147 So. 62; State v. Washington, 220 La. 963, 58 So.2d 195.

LSA–R.S. 15:322 provides as follows:

"Every motion for a continuance based upon the absence of witnesses must show:

"(1) By a disclosure of all the facts which the absent witnesses are expected to testify to, the materiality of said testimony, and that said facts can be proved by no witness in attendance upon the court;

"(2) By a disclosure of facts and circumstances, a probability that the witnesses may be had at the time to which the trial is deferred; and

"(3) Such a showing of fruitless effort to obtain the witnesses and such an explanation of their absence as to establish the exercise of due diligence."

■ We are convinced that the trial judge did not abuse his discretion in refusing to grant a continuance, the granting or refusal of which is a matter within the sound discretion of the judge, and unless it plainly appears that he acted arbitrarily unreasonable this Court will not disturb his ruling. LSA–R.S. 15:322; State v. Washington, supra; State v. Boone, 227 La. 850, 80 So.2d 710; State v. Thompson, 228 La. 342, 82 So.2d 33; and State v. Forsyth, 229 La. 690, 86 So.2d 536. We find no error in the ruling of the trial court and no merit in Bill of Exception No. 1.

■ Bill of Exception No. 2 was taken to the overruling of defendant's objection to

the introduction of certain articles of evidence, namely, the "money changer" used by the prosecuting witness in the operation of a passenger bus and forcibly taken by the defendant, and the "knife" allegedly used by him in the commission of the crime charged. Defendant contends that these two articles had not been properly identified nor had a proper foundation been laid for their admission in evidence. He attaches to and makes a part of his bill of exception the testimony of six witnesses: Lloyd Alexander, Edwin Newman, Officer Frank Lovoi, Officer Lawrence J. Bayer, Sgt. Verlin Nodier and George Crouchet. The testimony of these witnesses reveals the following facts:

At about 7:30 A.M., January 2, 1957, the accused boarded a Tulane Bus of the New Orleans Public Service which had stopped at the corner of Tulane and South Galvez Streets in New Orleans. Almost simultaneously the driver was informed that the screen which partitioned the white and colored persons on the bus had been thrown out of the window of the bus. The operator left the bus to retrieve the screen, and when he returned to his seat on the bus the accused who was a passenger drew a knife from his person and placed it at the throat of the bus operator, commenting obscenely about the screens, and demanding and forcibly taking the money changer containing $7. In the meantime, a second bus operated by Edwin Newman drove up to the scene and stopped in the rear of the first bus.

When the first bus failed to move when the traffic light turned green, Newman alighted from his bus and went to the open front door of the first bus to ascertain the trouble. Newman then saw the accused holding a knife at the throat of the bus operator, Alexander, and hurriedly returned to his bus to secure the help of two uniformed police, Frank Lovoi and Lawrence J. Bayer, who were passengers on the second bus. The two officers went to the first bus, one to the front door, and the other remaining at the rear door. Officer Lovoi, on entering the front door, saw the accused leaning over the bus driver with his hand around the bus driver's face and lower part of his chin. When the defendant turned and saw Lovoi he pulled his hand away, revealing that in his hand was an open blade knife, and thereupon attempted to make his escape by running to the rear of the bus, violently pushing some other passengers out of his way. Lovoi saw the money changer in one hand of the accused and the knife in the other. Lovoi ordered the accused to halt and also ordered the opening of the rear door permitting the defendant to get off the bus as a protection to the other passengers. When the accused went down the rear steps he began to strike at Officer Bayer with the knife. Bayer hastily stepped back to avoid injury. At the trial he positively identified the knife as the one held in the right hand of the accused and he also identified the money changer as that held in the left hand of the accused.

Officer Lovoi, who pursued the accused through the rear door of the bus, struck him on the head with his gun in an effort to halt him, without avail. The accused continued to swing the open blade knife at the officers, whereupon he was shot down by Lovoi. Continuing in his effort to escape the accused staggered a few steps and then fell to the ground, the money changer falling from his hand and landing near his body. The knife had been thrown by the accused into the intersecting Galvez Street.

Crouchet, a passenger on the second bus, also responded to the call for help by Newman. While standing at the rear door of the first bus with Officer Bayer he witnessed the action of the accused coming out of the rear door, swinging his knife at Bayer and also at Lovoi, saw the officer strike the accused, saw the efforts of the accused to escape and the wounding of the defendant. He further testified to seeing the money changer fall from the hand of the accused as he fell to the ground. He also positively identified the knife introduced in evidence as the one used by the accused.

Alexander, the operator of the first bus and victim of the crime charged, identified his own money changer by his initials, "L. A.," which he had scratched thereon at some prior time. Newman, the operator of the second bus, also identified said money changer as the one belonging to Alexander. The witnesses positively testified that they saw the money changer taken from the bus operator held by the accused in his left hand until he fell.

The testimony of Nodier, the investigating officer, identified the knife and the money changer as those articles given to him at the scene of the crime and which had been retained in the custody of the Police Department as evidence for use at the trial.

In addition to the above testimony we have the benefit of the per curiam of the trial judge which sets forth a summary of the testimony pertaining to these articles of evidence, all of which leaves no doubt in our minds that said articles were properly identified and admissible in evidence.

Bill of Exception No. 3 was taken to the trial judge's denial of the motion for a new trial which contained a reiteration of the complaints urged in the prior bills of exception, which have been disposed of, and the additional complaint that the prosecution failed to introduce certain photographs of the scene of the crime and of the knife. The district attorney, in his opening statement, explained the nature of the charge and the evidence by which he expected to establish the guilt of the accused including certain photographs depicting the scene of the crime and of the knife allegedly used by the accused. The complaint of the accused is that his failure to introduce the photographs in evidence constitutes reversible error.

We find no merit in this complaint. LSA–R.S. 15:333 makes it the mandatory

duty of the district attorney in all cases triable by jury to make an opening statement to the jury "explaining the nature of the charge and the evidence by which he expects to establish the same."

It is obvious that such an opening statement forms no part of the evidence and has no binding force since it must be made *prior to the introduction of evidence.* Such a statement is designed only to give a general acquaintance with the case and thus enable the jury to understand and appreciate the testimony as it falls from the lips of the witnesses.

We find no merit in this complaint. LSA–R.S. 15:333 makes it the mandatory duty of the district attorney in all cases tried by a jury to make an opening statement to the jury "explaining the nature of the charge and the evidence by which he expects to establish the same." The opening statement forms no part of the evidence since it must be made prior to the introduction thereof. Furthermore, what is said in an opening statement has no binding force, and it is designed only to give a general acquaintance with the case, to enable the jury to understand and appreciate the testimony as it falls from the lips of the witnesses. See State v. Ricks, 170 La. 507, 128 So. 293; State v. Nahoum, 172 La. 83, 133 So. 370; State v. Ducre, 173 La. 438, 137 So. 745; State v. Silsby, 176 La. 727, 146 So. 684; State v. Elmore, 177 La. 877, 149 So. 507; State v. Garrity, 178 La. 541, 152 So. 77; State v. Bishop, 179 La. 378, 154 So. 30; State v. Sharbino, 194 La. 709, 194 So. 756; State v. Barton, 207 La. 820, 22 So.2d 183; and State v. Clark, 231 La. 807, 93 So.2d 13.

We know of no law, nor has any been pointed out to us by the defendant, which requires the district attorney to present every detail of evidence or to cause all state witnesses who are present in court to testify in an effort to establish the guilt of the accused. The law recognizes the right of the district attorney to close his case in chief whenever he believes that the charge has been proven beyond a reasonable doubt without the necessity of offering further testimony. The State, being required only to prove the guilt of the accused beyond a reasonable doubt, cannot be compelled or required to introduce evidence not essential or necessary in the prosecution; and the nonintroduction of the photographs would not affect the verdict if the jury is satisfied beyond a reasonable doubt without them that the State has fully discharged its burden of proof. State v. Wiebelt, 166 La. 836, 118 So. 38; State v. Cox, 167 La. 279, 119 So. 48; and State v. McKee, 170 La. 630, 128 So. 658. The defendant does not question the good faith of the district attorney and we fail to conceive any prejudicial effect to the accused.

For the reasons assigned, the conviction and sentence are affirmed.