FORET, Judge.
This is an action for emancipation of a minor. The minor, Cassandra Marie Harrison, who was in the custody of the Louisiana Department of Health and Human Resources, filed a petition for emancipation on October 24, 1984. On the same day, the district court signed a judgment emancipating the minor and ordering the termination of the Department of Health and Human Resources’ custody of her. The State of Louisiana, Department of Health and Human Resources intervened and filed this appeal.
This appeal raises the following issues: (1) Whether a minor in the custody of the Department of Health and Human Resources can be judicially emancipated without the consent of the Department; and
(2) Whether a valid judgment of emancipation terminated the Department of Health and Human Resources’ legal custody of the minor.
FACTS
At the time her petition was filed, Cassandra Marie Harrison was sixteen years of age. She was in the custody of the Department of Health and Human Resources (DHHR) pursuant to a judgment of disposition which a judge of the Fifteenth Judicial District Court had rendered as an ex officio judge of juvenile court. This same judge considered Cassandra’s petition for emancipation, which included the written consent of her parents to her emancipation. Having considered Cassandra’s petition, the district court judge rendered judgment emancipating Cassandra. In addition, the judge expressly terminated the custody of DHHR.
CONSENT OF DHHR TO THE EMANCIPATION
DHHR contends that the trial court could not emancipate Cassandra absent its consent. The law requires a written consent of the parent(s) or of the tutor(s) if one has been appointed. LSA-C.C.P. art. 3992.[1] It does not require the consent of a *1158 legal custodian, such as DHHR, and DHHR does not claim to be Cassandra’s tutor. Nevertheless, DHHR argues that since many of the rights and responsibilities of a tutor and legal custodian[2] are similar, Art. 3992 should be construed broadly to require the consent of a legal custodian such as DHHR. We disagree.
In the present case, the article, by its own terms, only requires the consent of Cassandra’s parents. In defining “legal custody,” R.S. 13:1569(11) makes such custody subject “to any residual parental rights and responsibilities ...” We think that the right conferred upon a parent to consent to the emancipation of a minor is just such a residual right. We conclude that the law did not require DHHR’s consent to Cassandra’s emancipation.
TERMINATION OF DHHR’S LEGAL CUSTODY
The judgment of emancipation specifically ordered that the custody of DHHR be terminated. DHHR argues that the trial court did not have authority to issue such an order, contending that only the juvenile court which rendered the judgment of disposition placing Cassandra in its custody could order that custody terminated. We agree.
Although the order terminating DHHR’s custody of Cassandra was, in fact, issued by the same judge which had rendered the judgment of disposition placing Cassandra in the custody of DHHR, the order was not issued by that judge acting in his capacity as ex officio juvenile court judge. The order was issued as part of a district court civil judgment. Juvenile court is distinct and functions separate and apart from district court. A judge sitting as a district judge in sessions of the district court cannot entertain jurisdiction of a case cognizable in juvenile court. State v. Laborde, 233 La. 556, 97 So.2d 393 (1957). Juvenile court has exclusive original jurisdiction over proceedings in which a child is alleged to be in need of care. LSA-C.J.P. art. 15. The judgment of disposition placing Cassandra in the custody of DHHR was issued pursuant to this jurisdiction. The juvenile court retained jurisdiction of this matter, and the district court could not modify the juvenile court’s judgment of disposition. The power to order such a modification rested with the juvenile court. See LSA-C. J.P. art. 91[3].
DECREE
For the foregoing reasons, the judgment of the trial court which terminated the custody of Cassandra Marie Harrison with the Louisiana Department of Health and Human Resources is reversed and set aside. *1159 In all other respects, the judgment of the district court is affirmed.
Costs of this appeal are assessed against the State of Louisiana, Department of Health and Human Resources.
AFFIRMED AS AMENDED.
WARREN E. HOOD, J. Pro Tern., concurs and assigns reasons.

. "Art. 3992. Consent of parent or tutor
The petition of the minor shall be accompanied by a written consent to the emancipation and a specific declaration that the minor is *1158 fully capable of managing his own affairs, by the following:
(1) The father and mother if both are alive, or the survivor if one is dead. If either parent is absent or unable to act, the consent of the other parent alone is necessary. If the parents are judicially separated or divorced, and the custody of the minor has been awarded by judgment to one of the parents, the consent of that parent alone is necessary. A surviving parent is not required to qualify as natural tutor in order to give such consent, nor is the appointment of a special tutor necessary.
If the petition is filed on the ground of ill treatment, refusal to support, or corrupt examples, parental consent is unnecessary, but the parents or the surviving parent shall be cited to show cause why the minor should not be emancipated.
(2) The tutor of the minor if one has been appointed. If a tutor of his property and a tutor of his person have been appointed for the minor, the consent of both is necessary. If no tutor has been appointed, or if the tutor has died, resigned, or been removed, and there is no surviving parent who is able to act, a special tutor shall be appointed. If the tutor or special tutor refuses to give his consent, he may be cited to show cause why the minor should not be emancipated."

. See LSA-R.S. 13:1569(11).

. We note that, under the Code of Juvenile Procedure, a court exercising juvenile jurisdiction has authority to modify a judgment of disposition to make it less restrictive and can do so on its own motion and without a contradictory hearing. LSA-C.J.P. art. 91. We think that the termination of DHHR’s custody could be accomplished in this fashion. However, this action must be taken by the district court judge acting in his capacity as ex officio judge of juvenile court and not, as occurred in this case, by the judge in a district court case.