MARY AMANDA STEPHENS
v.
RICKY BALLARD
No. 2009 CU 1243.
Court of Appeals of Louisiana, First Circuit.
October 27, 2009.
Not Designated for Publication.
SHERMAN Q. MACK, Counsel for Plaintiff/Appellee Mary Amanda Stephens.
ERIK L. BURNS, Counsel for Defendant/Appellant Ricky Ballard.
Before: DOWNING, GAIDRY, and McCLENDON, JJ.
GAIDRY, J.
The father of two minor children appeals a judgment modifying a prior consent custody judgment to designate the children's mother as primary domiciliary parent under a joint custody plan. For the following reasons, we remand this matter to the trial court for further proceedings consistent with this opinion, as explained below.

FACTUAL AND PROCEDURAL BACKGROUND
Mary Amanda Stephens[1] and Ricky Lee Ballard, Sr. were divorced on September 18, 2002. They are the parents of two minor children, D.L.B. and R.L.B. By consent judgment rendered and signed on March 17, 2003, they were awarded joint custody of their children, with Ms. Stephens being designated as the primary domiciliary parent. Some time later, the children were judicially declared to be children in need of care pursuant to La. Ch.C. arts. 601, et seq., removed from Ms. Stephens's custody, and placed in the custody of the Office of Community Services (OCS) of the Louisiana Department of Social Services. The circumstances of the children's placement in the custody of the OCS are not apparent from the record in this appeal.
On December 15, 2005, the OCS's custody of the children was terminated, and the children were placed in Mr. Ballard's custody. As part of the judgment of disposition, Ms. Stephens was not permitted visitation with the children, but the reason for that circumstance is not apparent from the record of these proceedings, as the children's placement was made pursuant to the child in need of care (CINC) proceedings.
On February 8, 2007, Ms. Stephens filed a rule to modify custody and visitation in the present civil proceeding in the trial court. The parties later agreed to rendition of a consent judgment, awarding them joint custody of their children, with Mr. Ballard designated as primary domiciliary parent, and Ms. Stephens being granted visitation.
On October 15, 2008, Ms. Stephens filed another rule to modify custody, alleging changes in circumstances warranting a change in the stipulated custody and visitation plan then in effect. The rule was heard on January 30, 2009. At the conclusion of the hearing, the trial court determined that the parties would continue to share joint custody, but that Ms. Stephens was designated as the primary custodial parent, subject to reasonable visitation in favor of Mr. Ballard. Ms. Stephens was further ordered to undergo counseling for anger issues.
Mr. Ballard now appeals, assigning error as to (1) the trial court's exclusion of evidence relating to the prior CINC proceeding removing the children from Ms. Stephens's custody; and (2) the sufficiency of the evidence supporting the trial court's determination that there was a material change in circumstances affecting the children's welfare.

DISCUSSION
A court exercising juvenile jurisdiction has exclusive original jurisdiction over CINC proceedings. La. Ch.C. art. 303(2). A court exercising juvenile jurisdiction is distinct from and functions separately and apart from a district court exercising ordinary civil jurisdiction. Emancipation of Harrison v. State ex rel. Dep't of Health & Human Resources, 486 So.2d 1156, 1158 (La. App. 3rd Cir. 1986).
The judgment of disposition of December 15, 2005, originally placing the children in Mr. Ballard's custody, was necessarily rendered by the district court under its juvenile jurisdiction. The consent judgment rendered following the filing of Ms. Stephens's rule on February 8, 2007, was rendered under the trial court's ordinary civil jurisdiction, a fact evident from that court's refusal to consider the record of the CINC proceeding. From the record before us, we cannot determine if the district court's juvenile jurisdiction was terminated prior to rendition of the consent judgment of custody and the subsequent judgment now appealed, both rendered under the court's ordinary civil jurisdiction. If the district court exercising juvenile jurisdiction retained jurisdiction, then its judgment of disposition could only be modified pursuant to La. Ch.C. art. 714, and the trial court as a district court exercising ordinary civil jurisdiction would have lacked jurisdiction to render the subsequent consent judgment and the subsequent considered judgment of custody.
Because we are not a court of original jurisdiction and cannot receive evidence, and because our appellate jurisdiction is derivative of that of the trial court, it is necessary that this matter be remanded to the trial court for the purpose of clarifying the issue of the trial court's jurisdiction and the related issue of Ms. Stephens's cause or right of action to seek modification of custody. We accordingly pretermit determination of the merits pending the trial court's determination of the described issues.

DECREE
Accordingly, IT IS ORDERED BY THE COURT that this matter is remanded to the trial court for a hearing, to be held no later than thirty (30) days from the date of this opinion, and that the parties are ordered to show cause at that time why the trial court possessed subject matter jurisdiction to render the prior consent judgment and subsequent considered judgment of custody and whether Ms. Stephens had a cause or right of action to seek modification of custody pursuant to the trial court's ordinary civil jurisdiction. The trial court's judgment on the rule and the record of the hearing shall be filed with this Court within fifteen (15) days of the conclusion of the hearing.
REMANDED WITH INSTRUCTIONS.
DOWNING, J., concurs and assigns reasons
I agree with the majority's analysis. It is clear under La. Ch.C. art. 714 that the court exercising juvenile jurisdiction retains exclusive jurisdiction to modify its judgments of disposition. Article 714A provides in pertinent part that, "[t]he court may modify a judgment of disposition on its own motion or on the motion of the district attorney, the department, the child or his parents." Under La. Ch.C. art. 116(4), "court" means here the district court "when exercising juvenile jurisdiction as provided for in this Code."
The parties consent does not confer jurisdiction under the district court's general jurisdiction. Brinkhaus v. Senate of State of La., 95-0647 (La.App. 1 Cir. 4/18/95), 655 So.2d 394, 396. And the Children's Code seems to have no provision for divesting the court exercising juvenile jurisdiction of its jurisdiction to modify its disposition judgments.
As the majority notes, however, we are without the records of the complete proceedings, so we are presently unable to examine whether the district court's juvenile jurisdiction has somehow terminated. Accordingly, I agree that this matter should be remanded to provide the parties the opportunity to explore this issue.
NOTES
[1] Ms. Stephens filed for divorce under her maiden name, rather than under her married name of Ballard. She has since remarried and uses the full name of Mary Amanda Stephens Ballard Gill. For convenience and consistency, we will refer to her in this opinion as Ms. Stephens, the name under which she instituted the divorce litigation.